# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

HUSKY HEATING & COOLING, LLC, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC.,

Defendants.

Case No. 26-CV-11565

Hon. Susan K. DeClercq
Mag. Anthony P. Patti

1

|  |  |
|---|---|
| RICHARD ISOM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH, LLC, et al.<br><br>Defendants. | Case No. 26-CV-11294<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |
| PRECISION PLUMBING, ELECTRIC, HEATING & COOLING INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH, LLC, et al.<br><br>Defendants. | Case No. 26-CV-11316<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |
| RELIABLE AC SERVICES LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANE TECHNOLOGIES PLC, et al.<br><br>Defendants. | Case No. 26-CV-11434<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |

2

**PLAINTIFF HUSKY HEATING & COOLING, LLC MOTION
TO CONSOLIDATE CASES AND APPOINT INTERIM
CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL FOR
<u>DIRECT PURCHASER CLASS</u>**

Pursuant to Federal Rule of Civil Procedure 42(a)(2),E.D. Mich. LR 42.1, and Federal Rule of Civil Procedure 23(g)(3), Plaintiff Husky Heating & Cooling, LLC respectfully moves this Court for an Order (1) consolidating or otherwise coordinating all existing and subsequently-filed cases on behalf of proposed classes of direct purchasers of HVAC equipment from Defendants and their alleged co-conspirators for resale ("<u>Direct Purchaser Plaintiffs</u>" or "<u>DPPs</u>") involving common questions of law and fact, including the above captioned cases (the "<u>Direct Purchaser Actions</u>"), and subject those cases to this proposed class leadership structure; and (2) appointing the firms of Justice Jagher London & Millen LLC and Tostrud Law Group, PC as Interim Co-Lead Class Counsel, and Fink Bressack as Liaison Counsel for the Direct Purchaser Plaintiffs (together, "<u>Interim Class Counsel</u>").

There are currently four separate lawsuits seeking to represent Direct Purchaser Plaintiffs and it is likely that more cases may follow. Consolidation and appointment of Interim Class Counsel will advance this litigation in an organized and efficient manner. The Direct Purchaser Actions satisfy the criteria in Rule 42(a)(2) and E.D. Mich. LR 42.1 because the complaints in each raise common

3

questions of law and fact as they name the same defendants and involve substantially similar factual and legal issues.

There is no need to delay the leadership appointment; the Court can and should consolidate the Direct Purchaser Actions and appoint Interim Class Counsel at the same time for efficiency and to formulate and implement a plan for the Direct Purchaser Actions. Plaintiff respectfully submits that the Court's appointment of Interim Class Counsel pursuant to Rule 23(g)(3) would promote the orderly and efficient management of the Direct Purchaser Actions and would ensure that prosecution of the cases and any potential settlement is led by counsel that is adequately prepared to represent the interests of the named plaintiffs and the putative class members. Interim Class Counsel are "best able to represent the interests of the class" under Federal Rule of Civil Procedure 23(g)(2) because combined, they have: unsurpassed knowledge and experience in antitrust law and the type of direct-purchaser issues presented here; collaboratively worked together to investigate and advance the litigation; and have the extensive resources needed to prosecute the case.

A Proposed Order consolidating the Direct Purchaser Actions, appointing Interim Co-Lead Class Counsel and Liaison Counsel for the Direct Purchaser Plaintiffs is attached as **Exhibit A** and will also be contemporaneously submitted through the ECF Utilities feature for consideration by the Court.

Pursuant to E.D. Mich. LR 7.1(a), counsel for Plaintiff emailed counsel for Defendants requesting concurrence in the relief sought. At the time of filing, all counsel for Defendants had not yet responded to the request.

Counsel for Plaintiff emailed counsel for other direct purchaser plaintiffs requesting concurrence in the relief. At the time of filing, counsel for other direct purchaser plaintiffs had not yet responded.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order, substantially in the form attached as **Exhibit A**, and (1) consolidate or otherwise coordinate all existing and subsequently-filed cases on behalf of Direct Purchaser Plaintiffs involving common questions of law and fact, including the Direct Purchaser Actions, and subject those cases to this proposed class leadership structure; and (2) appoint proposed Interim Class Counsel.

Date: May 11, 2026                        Respectfully Submitted,

By:      */s/ Nathan Fink*
            David H. Fink (P28235)
            Nathan J. Fink (P75185)
            **FINK BRESSACK PLLC**
            38500 Woodward Avenue, Ste 350
            Bloomfield Hills, MI 48304
            248-971-2500
            Dfink@Finkbressack.com
            nfink@finkbressack.com

            Kimberly A. Justice
            **JUSTICE JAGHER LONDON
            & MILLEN LLC**
            923 Fayette Street

5

Conshohocken, PA 19428
Telephone: (484) 243-6335
kjustice@jjlmlaw.com

William H. London
Michael E. Moskovitz
Samantha M. Gupta
Kara Smith
**JUSTICE JAGHER LONDON
& MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
blondon@jjlmlaw.com
mmoskovitz@jjlmlaw.com
sgupta@jjlmlaw.com
ksmith@jjlmlaw.com

Jon A. Tostrud
Anthony M. Carter
**TOSTRUD LAW GROUP, P.C.**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 278-2600
Facsimile: (310) 278-2640
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

Erik H. Langeland
**ERIK H. LANGELAND, P.C.**
733 Third Avenue, 16th Floor
New York, NY. 10017
Telephone: (212) 354-6270
elangeland@langelandlaw.com

*Attorneys for Plaintiff and the Proposed
Class*

6

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

HUSKY HEATING & COOLING, LLC, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC.,

Defendants.

Case No. 26-CV-11565

Hon. Susan K. DeClercq
Mag. Anthony P. Patti

i

| | |
|---|---|
| RICHARD ISOM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BOSCH, LLC, et al. <br><br> Defendants. | Case No. 26-CV-11294 <br><br> Hon. Susan K. DeClercq <br> Mag. Anthony P. Patti |
| PRECISION PLUMBING, ELECTRIC, HEATING & COOLING INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BOSCH, LLC, et al. <br><br> Defendants. | Case No. 26-CV-11316 <br><br> Hon. Susan K. DeClercq <br> Mag. Anthony P. Patti |
| RELIABLE AC SERVICES LLC, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANE TECHNOLOGIES PLC, et al. <br><br> Defendants. | Case No. 26-CV-11434 <br><br> Hon. Susan K. DeClercq <br> Mag. Anthony P. Patti |

ii

**PLAINTIFF HUSKY HEATING & COOLING, LLC'S
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND
APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON
COUNSEL FOR DIRECT PURCHASER CLASS**

**STATEMENT OF ISSUE PRESENTED**

1.      Whether this Court should (i) consolidate or otherwise coordinate all existing and subsequently-filed cases on behalf of proposed classes of direct purchasers of HVAC equipment from Defendants and their alleged co-conspirators for resale ("Direct Purchaser Plaintiffs") involving common questions of law and fact, including the above captioned cases ("Direct Purchaser Actions"), and subject those cases to this proposed class leadership structure; and (ii) appoint the firms of Justice Jagher London & Millen LLC and Tostrud Law Group, PC as Interim Co-Lead Class Counsel, and Fink Bressack PLLC as Liaison Counsel for the Direct Purchaser Plaintiffs (collectively "Interim Class Counsel") where proposed Interim Class Counsel satisfy Rule 23(g) and have substantial credentials, significant experience, including in this District, and demonstrated the ability to work cooperatively and in the best interests of Direct Purchaser Plaintiffs and the putative classes?

> Plaintiff from Case Nos. 11294, 11316, and 11434 are believed to state: "Yes" as to consolidation, and it is unclear what their position is on the balance of this request.
>
> Defendants are believed to state: "Yes" as to consolidation, and it is unclear what their position is on the balance of this request.

iii

## MOST CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 42(a)(2)

- E.D. Mich. LR 42.1

- Federal Rule of Civil Procedure 23(g)

iv

## I. INTRODUCTION

These HVAC equipment antitrust matters involve parallel litigation on behalf of three separate plaintiff classes, the End-User Indirect Purchaser Plaintiffs ("End Users"), the Direct Purchaser Plaintiffs ("DPPs"), and the Commercial Indirect Purchaser Plaintiffs ("Commercial Plaintiffs"), each of which draws from similar facts to allege the same fundamental conspiracy: an agreement among the largest HVAC manufacturers to fix, inflate, and maintain the prices of HVAC equipment throughout the United States. All Plaintiffs allege that Defendants have conspired since at least 2020 to fix the prices of HVAC equipment. As a result, Plaintiffs paid more than they would have for HVAC equipment absent Defendants' conduct.

Each case, however, represents a separate portion of the supply chain. The familiar distinction between direct and indirect purchasers is required by the bar on indirect purchaser recovery for Sherman Act claims set out in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) (holding only direct purchasers can seek damages under the Sherman Act; indirect purchasers can seek injunctive relief). Due to their discrete composition, DPPs, the Commercial Plaintiffs and End Users are distinct classes who purchased HVAC equipment through different channels, making it essential that each proposed class have its own counsel to adequately protect and represent its interests in the litigation. Such separate representation for DPPs, for Commercial Plaintiffs, and for End Users and their respective proposed classes is

1

common in antitrust class actions. *See, e.g., In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023) (certifying direct, consumer indirect, and commercial indirect classes in similar commodity food antitrust class action); *In re Auto Parts Antitrust Litig.*, No. 2:12-MD-02311 (E.D. Mich.), ECFs 60, 64, 65 (appointing separate leadership for direct purchaser plaintiffs and multiple groups of indirect purchaser plaintiffs, including automobile dealership plaintiffs, truck and equipment dealership plaintiffs, and end-payor plaintiffs). It is then typical for the separate plaintiff classes to coordinate on common issues.

In the instant Motion, Plaintiff Husky Heating & Cooling, LLC seeks to consolidate all pending and future direct purchaser HVAC equipment cases and appoint interim class leadership. For the reasons set forth below, the Court should consolidate all Direct Purchaser Actions because they involve common questions of law and fact and appoint the firms of Justice Jagher London & Millen LLC and Tostrud Law Group, PC as Interim Co-Lead Class Counsel, and Fink Bressack PLLC as Liaison Counsel for the DPPs (together, "Interim Class Counsel").

## II. ARGUMENT

### A. Consolidation

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and E.D. Mich. LR 42.1, Plaintiffs move the Court for an order consolidating the Direct Purchaser Actions. A proposed order to consolidate the cases is attached as **Exhibit A**. Rule 42(a) provides

that "[i]f actions before the court involve a common issue of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay." Eastern District of Michigan Local Rule 42.1 provides that "[a] party seeking to consolidate cases under Federal Rule of Civil Procedure 42(a) must: (1) file a motion in the case with the earliest case number; and (2) file a notice of the motion in each related case." E.D. Mich. LR 42.1(a). "The district judge presiding in the earliest numbered case will decide the motion. However, the motion may not be granted unless the judges presiding in the related cases consent." E.D. Mich. LR 42.1(b). "If the motion is granted, the consolidated cases will be reassigned to the judge presiding in the earliest numbered case." E.D. Mich. LR 42.1(c).

Courts have recognized that putative class actions are particularly well-suited for consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, minimizes redundancies, eliminates the threat of inconsistent rulings, avoids the need to contact parties and witnesses for multiple proceedings and reduces the expenditures of time and money for all parties involved. *See In re Packaged Seafood Products Antitrust Litig.*, 148 F.Supp.3d 1375, 1377 (J.P.M.L. 2015) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary"); *In re Daily Fantasy Sports Marketing*

*and Sales Practices Litig.*, 158 F. Supp. 3d 1375, 1379 (J.M.P.L. 2016); *In re Monitronics Intern., Telephone Consumer Protection Act Litig.*, 988 F. Supp. 2d 1364, 1366 (J.P.M.L. 2013). Consolidating class action suits simplifies pretrial and discovery motions, class action disputes, and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related putative class actions separately. *Id.*

Here, the Direct Purchaser Actions satisfy the criteria in Rule 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Direct Purchaser Actions allege claims on behalf of DPPs, name the same defendants, raise common questions of law and fact, and arise from the same alleged scheme to artificially raise the price of HVAC Equipment. Given the substantial overlap in the factual and legal issues presented in the Direct Purchaser Actions, that test is met here and, accordingly, the Direct Purchaser Actions should be consolidated pursuant to Rule 42(a)(2) and E.D. Mich. LR 42.1.

### B. Interim Lead Counsel

### 1. Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative DPP Classes.

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are multiple class actions pending, appointment of interim

4

class counsel "is necessary to protect the interests of class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation § 21.11.

Among the early tasks that will be aided by appointment of Interim Class Counsel are the filing of a consolidated DPPs' complaint, defending that complaint against Defendants' anticipated motions to dismiss, and negotiating pre-trial orders, such as a protective order and discovery protocol. Later on, DPPs' Interim Class Counsel will conduct fact and expert discovery, move for class certification, seek or defend against summary judgment, and try the case. All the while, Interim Class Counsel will be responsible for any potential settlements with one or more Defendants. The prosecution of the Actions will benefit from this leadership structure, and both the Court and Defendants will benefit from knowing one set of lawyers will represent all the DPPs and the putative classes.

## 2. Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of DPPs and the Putative Classes.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs respectfully request entry of an order appointing Justice Jagher London & Millen LLC and Tostrud Law Group, PC as Interim Co-Lead Class Counsel; and Fink Bressack PLLC as Liaison Counsel for the putative classes in a consolidated action (together,

"Interim Class Counsel"). The seasoned, well-rounded and diverse team is described in detail below and is comprised of leading firms in the country in antitrust class actions, as well as a top Michigan law firm. This team combines substantial experience in class actions, complex litigation, and antitrust law, with the ability to work cooperatively towards a successful outcome for the putative class.

Rule 23(g) provides the factors a court should consider when designating interim counsel as: (1) the work which proposed interim lead counsel has already performed in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigation, with claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv). Where "more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant *best* able to represent the interests of the class." *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (quoting Fed. R. Civ. P. 23(g)(2)(B)) (emphasis added). While Interim Class Counsel are not the first to file, "whether the applicant was the first to file is not a factor for appointment under Rule 23." *Powell v. Gen. Motors, LLC*, No. 25-10479, 2025 WL 3265807, at *1 (E.D. Mich. Nov. 13, 2025) (citing *In re Delphi Corp.,* 248 F.R.D. at 506; *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 364 (E.D. Mich. 2006)); *see also In re Am. Renal Mgmt. LLC Data Breach Litig.*, No. 3:25-CV-00248, 2026

6

WL 687182, at *5 (M.D. Tenn. Mar. 10, 2026) ("[D]istrict courts in this Circuit regularly conclude that 'whether the applicant was the first to file [a complaint] is not a factor for appointment under Rule 23.'") (collecting cases).

Collectively, Interim Class Counsel: (a) have taken significant steps to identify and investigate potential claims; (b) possess extensive experience in direct purchaser antitrust class actions; (c) have a proven track record of effectively and efficiently spearheading this type of litigation in numerous challenging cases; (d) have the resources and are committed to deploying those resources in representing the class; and (e) have a strong record of working cooperatively with leadership teams representing different classes in antitrust actions, including all of the counsel who have filed suit on behalf of plaintiffs in this matter. Interim Class Counsel will engage professionally with defense counsel to ensure the orderly progression of these cases. As set forth below, Interim Class Counsel satisfy the factors of Rule 23(g).

### a. *The Work Performed Investigating and Identifying Claims.*

Interim Class Counsel invested significant time and resources into this litigation, including, among other things, conducting an investigation before drafting and filing their complaint. Such investigation included: investigation of the HVAC Equipment market; analyzing the market structure and how such goods are manufactured and flow to the proposed DPP classes; reviewing and analyzing

defendants' public disclosures and statements; and analyzing and monitoring for any government investigations. Interim Class Counsel are committed to efficiently running this litigation and to that end have created a time and expense protocol, which includes caps for certain tasks such as document review. *See* Declaration in Support of Kimberly A. Justice ("Justice Decl."), Ex. B. Further, Interim Class Counsel represent that their case is not being underwritten by litigation funders, and therefore, they are not beholden to any outside interest.

Accordingly, the team proposed should be appointed Interim Class Counsel. Given that the parallel End User Action is already underway, and the need to mitigate the harm done by the price-fixing conspiracy at issue in this case, and to do so all in an organized and effective but efficient way, the Court should exercise its discretion to appoint Interim Class Counsel now. Any delay wrought by a multi-week leadership contest will unnecessarily delay matters and harm Plaintiffs and putative class members without any offsetting benefit, especially since the relief sought is "interim" and any competing bids can be resolved at a later date.

### b. *Proposed Interim Class Counsel*

Interim Class Counsel are best suited to lead the Direct Purchaser Actions. Each proposed firm has an extensive track record of litigating antitrust class actions, with extraordinary results.

### Interim Co-Lead Class Counsel - Justice Jagher London & Millen LLC

Justice Jagher London & Millen LLC, with offices in Chicago and Philadelphia, is widely recognized as one of the nation's premier plaintiffs' litigation boutiques. The firm is regularly appointed to serve as lead, co-lead, and executive committee counsel in complex class actions nationwide and has recovered billions of dollars for clients and class members across the country. JJLM attorneys have driven several landmark recoveries, including three of the four largest antitrust class action settlements ever achieved in the Seventh Circuit.[1]

Courts, peers, and the legal press consistently recognize the firm's judgment, discipline, and results. In recent years, JJLM received the American Antitrust Institute's Award for Outstanding Antitrust Litigation Achievement in Private Law Practice for its work as Co-Lead Counsel in *In re Peanut Farmers Antitrust Litigation*, which resolved for $102.75 million, as well as for its role in *Cameron et al. v. Apple Inc.*, an antitrust action on behalf of application developers that settled for $100 million. Justice Decl. ¶8. In the *Peanut Farmers* matter, the Honorable Raymond Jackson commended the firm's "effective and efficient prosecution" through discovery, class certification, summary judgment, and trial preparation—

---

[1] *See* Justice Decl. ¶5 and Ex. A (JJLM Firm Resume); *see also* Davis, Josh Paul and Kohles, Rose, 2024 Antitrust Annual Report: Class Actions in Federal Court (July 2025) (*available at* https://ssm.com/abstract=4586022) (ranking JJLM antitrust leadership appointments and settlements among the top in the nation).

efforts that produced "an excellent result for the Class" without the benefit of a prior government investigation. [2]

JJLM attorneys have been commended for their work in numerous other complex antitrust litigations involving direct purchasers. Justice Decl. ¶ 6. For instance, in *In re Automotive Parts Antitrust Litigation,* JJLM attorneys were co-lead counsel in a multi-district antitrust litigation in this District on behalf of direct purchasers against numerous Japanese, European, and American parts manufacturers for fixing, maintaining, rigging bids, and allocating the supply of more than 20 automobile parts. *Id.* The presiding judge commended the firm and its co-lead counsel: "I think that class counsel . . . have just done a tremendous job, and are highly, highly experienced and knowledgeable in this area." *Id.* The case was resolved with settlements totaling over $630 million. *Id.*

JJLM is also consistently ranked among the nation's leading antitrust firms by Chambers & Partners USA, which has described the firm as a "highly regarded boutique firm" that is "acclaimed for its expertise in price-fixing and anticompetitive litigation."[3] Additional detail regarding the firm's experience and representative matters is provided in the concurrently filed firm resume. *See also* www.jjlmlaw.com.

---

[2] *In re Peanut Farmers Antitrust Litig.*, 2021 WL 9494033, at *2 & 3 (E.D. Va., Aug. 10, 2021).
[3] *See* Justice Decl., ¶7 and Ex. A.

**Kimberly A. Justice**. Partner Kimberly Justice will lead the JJLM team committed to this matter. Ms. Justice is a respected litigator and an experienced trial lawyer who has dedicated her career to representing businesses and individuals harmed by corporate malfeasance. Ms. Justice has been litigating antitrust matters for two decades, routinely leads complex cases against large defendants, and is frequently brought in by co-counsel to provide high-level strategic and trial advice.

Because trial experience can play a critical role in overall case assessment, strategy, approach to discovery and settlement negotiations, it is important that the leadership structure here includes litigation attorneys who have tried cases to verdict. Ms. Justice is one of a select few applicants to have successfully tried (as first chair) a class action to a favorable plaintiff verdict.[5] Additionally, Ms. Justice served as a federal antitrust prosecutor with the Department of Justice for nearly a decade where she led teams of attorneys and law enforcement agents who investigated and prosecuted cartel activity, including convicting the first United Kingdom national extradited by the Antitrust Division.[6]

Ms. Justice has been personally appointed to numerous leadership positions. For example, she currently serves as Co-Lead Counsel for the commercial indirect purchasers in *In re Granulated Sugar Antitrust Litigation*, 24-md-03119 (D. Minn.) and Co-Lead Counsel for consumer indirect purchasers in *In re: Fragrance End-User Plaintiff Antitrust Litigation*, 2:23-cv-16127 (D.N.J.). Ms. Justice also recently

served as Lead Class Counsel in *Murphy, et al. v. Toyota Motor Corporation, et al.*, No. 4:21-cv-00178-ALM (E.D. Tex.), which resulted in a recall to fix the alleged defect in over 1.85 million vehicles and a significant reimbursement program for class members (recall and settlement relief valued at over $675 million). Ms. Justice also co-led the successful *Peanut Farmers* matter. Courts likewise have appointed Ms. Justice to Plaintiff Steering/Executive Committees in the following representative matters: *In re Local TV Advertising Antitrust Litigation*, No. 18-cv-06785 (N.D. Ill. Jan. 23, 2019) (Kendall, C.J.) ($48 million in partial settlements approved to date); *In re Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-02687 (D.N.J.) (over $90 million in settlements for direct purchaser plaintiff class); and *In re Farm-Raised Salmon & Salmon Products Litigation*, No. 19-cv-21551 (S.D. Fla.) ($85 million in settlements for direct purchaser plaintiff class). These appointments illustrate the respect Ms. Justice has earned from her peers and the judiciary alike, as well as her commitment to prosecuting the rights of the clients and classes she serves.

**Additional JJLM Attorneys.** Justice Jagher mobilizes the resources and talent of its attorneys and staff to efficiently and effectively obtain the best possible results for their clients. The JJLM litigation team currently includes capable and talented younger associates, Samantha Gupta and Kara Smith, who have substantial experience in handling complex class actions. *See* Justice Decl. Ex. A (JJLM Firm

12

Resume). If appointed by the Court, JJLM will continue to draw on the substantial experience and expertise of its attorneys and staff to maximize the DPPs' chance of success in this case.

**Interim Co-Lead Class Counsel - Tostrud Law Group, PC**

Tostrud Law Group, P.C. ("TLG") is nationally recognized as a leading firm in complex class action and multidistrict litigation. TLG has been appointed to leadership positions in significant antitrust cases, including appointments to the Plaintiff's Steering Committee in *In Re: Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-md-2724, MDL No. 2724 (E.D. Pa.),  *In Re Pork Antitrust Litigation*, Case No. 18-cv-1776 (D. Minn.), *In Re Cattle & Beef Antitrust Litigation*, Case No. 22-cv-03031 (D. Minn.), and *In Re: Fragrance Indirect Purchaser Antitrust Litigation*, No. 2:23-cv-03249 (D.N.J.).

**Jon Tostrud.** Mr. Tostrud is the founder of TLG, and has considerable experience in the field of antitrust litigation, as well as other large-scale and multidistrict complex class action litigation. Most recently, in October, 2024, TLG was appointed by Judge Blackwell to the leadership group for the Indirect Commercial Purchaser Plaintiffs in the *In Re: Granulated Sugar Antitrust Litigation*, Case No. 24-md-03110 (D. Minn.).

Mr. Tostrud has served in leadership positions in dozens of other class action cases, including: *Engquist v. City of Los Angeles,* Case No. BC591331 (Superior

13

Court for the County of Los Angeles); *Small v. University Medical Center of Southern Nevada,* Case No. 13-cv-298 (D. Nev.); *Grahl v. Circle K Stores, Inc.,* No. 14-cv-305 (D. Nev.); *Ardon v. City of Los Angeles,* No. BC363959 (Superior Court for the County of Los Angeles); *Granados v. County of Los Angeles,* No. BC361470 (Superior Court for the County of Los Angeles); *Rocha, et al. v. Gateway Funding,* No. 15-cv-482 (E.D. Pa.); *Ord, et al. v. First National Bank of Pennsylvania and F.N.B. Corp.,* No. 12-cv-766 (W.D. Pa.); *Wineland, et al v. Casey's General Stores, Inc.*

TLG is prepared to devote the substantial time, resources, and attention necessary to successfully prosecute this action on behalf of the proposed class of DPPs. TLG is fully committed to vigorously advancing the interests of Plaintiffs throughout all stages of the litigation and has the personnel, experience, and financial resources necessary to effectively manage the demands of this complex matter.

Mr. Tostrud has demonstrated the ability to work collaboratively with other counsel to advance the interests of the proposed class, while allocating work efficiently, minimizing duplication of efforts, and maximizing cost efficiencies. Further, Mr. Tostrud has worked smoothly and collaboratively with counsel for other plaintiff groups in a variety of leadership structures currently and in the past, and intends to do the same in this action.

Additional support comes from TLG partner, Anthony Carter, an African-

14

American attorney, who has served as the antitrust point person on behalf of TLG on numerous cases, coordinating and conducting substantial pretrial discovery on behalf of Plaintiffs. Mr. Carter has played a pivotal role in several major antitrust cases. If appointed by the Court, TLG will continue to leverage the substantial experience and expertise of its attorneys and staff to represent the DPPs diligently and to the best of its ability, while maximizing their likelihood of success in this action.

**Liaison Counsel - Fink Bressack PLLC**

Fink Bressack and its attorneys have served in leadership positions for numerous class actions, including:[4]

- *In re Onstar Contract Litigation*, Case No. 2:07-MDL-01867, Eastern District of Michigan;

- *In re Refrigerant Compressors Antitrust Litigation*, Case No. 2:09-md-02042, Eastern District of Michigan;

- *Enbridge Oil Spill Class Action*, Case No. 1:10-cv-01096, Western District of Michigan;

- *The Shane Group, Inc., et al v. Blue Cross Blue Shield of Michigan*, Case No. 2:10-CV-14360, Eastern District of Michigan;

- *In re: Automotive Parts Antitrust Litigation, Direct Purchaser Class*, Case No. 12-MDL-02311, Eastern District of Michigan (appointed liaison counsel);

- *Independent Bank Fee Class Action*, Case No. 13-009983-CZ, Wayne County Circuit Court;

---

[4] *See* Declaration of Nathan J. Fink ("Fink Decl.") ¶5 and Ex. A (Fink Bressack Firm Resume).

- *Flagstar Bank, FSB, Overcharge Fee Class Action*, Case No. 15-145287-CZ, Oakland County Circuit Court;

- *Diplomat Pharmacy Derivative Litigation*, Case No. 17-109223-CB, Genesee County Circuit Court;

- *Wayside Church, et al v. Van Buren County*, et al, Case No. 1:14-cv-01274-PLM, Western District of Michigan;

- *Hundley, et al v. Henry Ford Health System, et al*, Case No. 2:21-cv-11023, Eastern District of Michigan;

- *Parker, et al v. GKN North America Services, Inc.*, et al, Case No. 2:21-cv-12468, Eastern District of Michigan;

- *Clark, et al v. Avfuel Corporation*, Case No. 2:24-cv-12274, Eastern District of Michigan (appointed interim liaison counsel);

- *In re Flagstar December 2021 Data Security Incident Litigation*, Case No. 2:22-cv-11385, Eastern District of Michigan (appointed interim liaison counsel)

- *In re: Keffer Development Services, LLC, Data Security Breach Litigation*, Case No. 2:25-md-3159-MAG, Eastern District of Michigan (appointed interim liaison counsel).

The firm focuses its practice on complex litigation of all kinds and is routinely retained to represent some of the largest companies in the country, as well as some of the State's largest municipalities. The firm has also served as counsel to the University of Michigan. Managing partner David H. Fink has been a leader in Michigan litigation for many years. Mr. Fink has handled numerous class actions and a wide range of complex lawsuits in courts throughout Michigan, winning important victories not only at the State and Federal trial court level, but also in the Michigan Court of Appeals, the Michigan Supreme Court and the Sixth Circuit Court of Appeals. Mr. Fink is a magna cum laude graduate of Harvard College, class of 1974, and a cum laude graduate of Harvard Law School, class of 1977. Mr. Fink

16

has been recognized as a "SuperLawyer" by Michigan SuperLawyers Magazine each year since 2007 and has been selected by Michigan Lawyers Weekly as a "Leader in the Law." Recently, Mr. Fink was one of the first attorneys included in Michigan Lawyers Weekly's Hall of Fame. Prior to joining Fink Bressack, Nate Fink honed his litigation skills at a large Detroit-area law firm and at the Wayne County Prosecutor's Office, where he tried multiple bench and jury trials to verdict. Since joining Fink Bressack in 2015, Nate has dedicated a large part of his practice to class actions, including the pending *Auto Parts MDL*, where he served as then-Chief Judge Sean Cox's primary counsel point of contact for case administration issues for many years. In 2025, Mr. Fink was selected by Crain's Detroit Business as a Notable Litigator and Trial Attorney.

### c. *Counsel's Knowledge of Applicable Law*

Plaintiff and its proposed team incorporate the details stated above about their deep experience as the basis for their knowledge of applicable law. As specified above, Plaintiff's broad team of lawyers has deep experience, including of recent vintage, that covers the waterfront perfectly for this case. Their class and complex litigation experience includes lead antitrust class action experience in direct purchaser matters, jury trial and bench trial expertise, and experience managing large multi-party actions that include several plaintiff classes and foreign-based defendants. Granting the relief requested is wholly consistent with ensuring that

17

class counsel has knowledge of the applicable law and protecting the class in what would otherwise be an unwieldly case.

### d. *Resources Counsel Will Commit to Representing the Class*

Finally, the resources counsel for DPPs will commit to representing the classes here are plentiful. This is a large case. It involves large corporate institutions and hundreds and thousands of class members. Interim Class Counsel are prepared to commit all of the resources necessary to see this case to a swift and fair conclusion. Collectively, their firms have plenty of lawyers and significant assets to take this case through trial. They will not seek outside funding for this case.

### III. CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court enter an Order, substantially in the form attached as **Exhibit A**: (1) consolidating or otherwise coordinating all existing and subsequently-filed cases on behalf of direct purchasers of HVAC equipment from Defendants and their alleged co-conspirators involving common questions of law and fact, including the above captioned cases, and subject those cases to this proposed class leadership structure; and (2) appointing the firms of Justice Jagher London & Millen LLC and Tostrud Law Group, PC as Interim Co-Lead Class Counsel, and Fink Bressack PLLC as Liaison Counsel for the Direct Purchaser Plaintiffs.

18

Date: May 11, 2026        Respectfully Submitted,

By:    */s/ Nathan Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
**FINK BRESSACK PLLC**
38500 Woodward Avenue, Ste 350
Bloomfield Hills, MI 48304

248-971-2500
Dfink@finkbressack.com
nfink@finkbressack.com

Kimberly A. Justice
**JUSTICE JAGHER LONDON
& MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Telephone: (484) 243-6335
kjustice@jjlmlaw.com

William H. London
Michael E. Moskovitz
Samantha M. Gupta
Kara Smith
**JUSTICE JAGHER LONDON
& MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
blondon@jjlmlaw.com
mmoskovitz@jjlmlaw.com
sgupta@jjlmlaw.com
ksmith@jjlmlaw.com

Jon A. Tostrud
Anthony M. Carter
**TOSTRUD LAW GROUP, P.C.**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

19

Telephone: (310) 278-2600
Facsimile: (310) 278-2640
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

Erik H. Langeland
**ERIK H. LANGELAND, P.C.**
733 Third Avenue, 16th Floor
New York, NY. 10017
Telephone: (212) 354-6270
elangeland@langelandlaw.com

*Attorneys for Plaintiff and the Proposed Class*

20

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

Date: May 11, 2026              Respectfully Submitted,

By: */s/ Nathan Fink*
         Nathan J. Fink
         **FINK BRESSACK PLLC**
         38500 Woodward Avenue, Ste 350
         Bloomfield Hills, MI 48304
         248-971-2500
         nfink@finkbressack.com

# EXHIBIT A

Case 2:26-cv-11945-TGB-DRG ECF No. 21, PageID.929 Filed 05/12/26 Page 33 of 134

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| HUSKY HEATING & COOLING, LLC, individually and on behalf of all others similarly situated, | Case No. 26-CV-11565 |
| | Hon. Susan K. DeClercq |
| Plaintiff, | Mag. Anthony P. Patti |
| v. | |
| ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC., | |
| Defendants. | |

| | |
|---|---|
| RICHARD ISOM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH, LLC, et al.<br><br>Defendants. | Case No. 26-CV-1129494<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |
| PRECISION PLUMBING, ELECTRIC, HEATING & COOLING INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH, LLC, et al.<br><br>Defendants. | Case No. 26-CV-11316<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |
| RELIABLE AC SERVICES LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANE TECHNOLOGIES PLC, et al.<br><br>Defendants. | Case No. 26-CV-11434<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |

2

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD
CLASS COUNSEL AND LIAISON COUNSEL FOR THE
DIRECT PURCHASER CLASS**

WHEREAS, on May 11, 2026, Plaintiff Husky Heating & Cooling, LLC ("Plaintiff") moved this Court for an Order: (a) consolidating the above-captioned actions and any subsequently-filed or transferred cases on behalf of direct purchasers of HVAC equipment from Defendants and their alleged co-conspirators involving common questions of law and fact (the "Direct Purchaser Actions"); and (b) appointing Justice Jagher London & Millen LLC and Tostrud Law Group, PC as Interim Co-Lead Class Counsel, and Fink Bressack PLLC as Liaison Counsel for the Direct Purchaser Plaintiffs (the "Motion").

Having considered the Motion, the supporting briefing and declarations, and the record, and finding good cause to grant the relief requested,

**IT IS HEREBY ORDERED AS FOLLOWS:**

Plaintiff's Motion is **GRANTED.**

**A.      Consolidation**

1.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and E.D. Mich. LR 42.1, the Direct Purchaser Actions—*Husky Heating & Cooling, LLC v. Robert Bosch LLC, et al.*, No. 2:26-cv-11565 (E.D. Mich.); *Isom v. Trane Technologies PLC, et al.*, No. 2:26-cv-11294 (E.D. Mich.); *Precision Plumbing, Electric, Heating & Cooling Inc. v. Robert Bosch LLC, et al.*, No. 2:26-cv-11316

3

(E.D. Mich.); and *Reliable AC Services LLC v. Trane Technologies PLC, et al.*, No. 2:26-cv-11434 (E.D. Mich.)—shall be **CONSOLIDATED** for all pretrial purposes.

2.      *Isom v. Trane Technologies PLC, et al.*, No. 2:26-cv-11294 (E.D. Mich.) shall be designated the "Lead Case File." A docket sheet shall be maintained for that file which shall include all filings consolidated with the Lead Case File.

3.      This Order shall apply to any additional cases that may be filed in or transferred to the Eastern District of Michigan that arise out of conduct similar to that alleged in the above-titled actions on behalf of direct purchasers of HVAC equipment, and any such cases shall be consolidated in the Lead Case File.  The Clerk shall make an appropriate entry on the docket sheet of the Lead Case File and mail a copy of this Order to the attorneys for the plaintiffs and any new defendants.

**B.      Organization of Plaintiffs' Counsel**

4.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and as contemplated by the Manual for Complex Litigation, the Court appoints Justice Jagher London & Millen LLC ("JJLM") and Tostrud Law Group, PC ("Tostrud") as Interim Co-Lead Class Counsel, and Fink Bressack PLLC ("Fink Bressack") as Liaison Counsel for the Direct Purchaser Plaintiffs.

5.      JJLM and Tostrud shall be responsible for the overall conduct of the litigation on behalf of all Direct Purchaser Plaintiffs ("DPPs"), including providing supervision of all DPP counsel in the litigation, including any additional counsel as

4

Interim Co-Lead Counsel may deem appropriate to assist in the prosecution of the action.

6.      As Interim Co-Lead Counsel for the DPP Class, JJLM and Tostrud have the authority to:

a. Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments among DPP counsel;

b. Prepare and file a consolidated complaint and any subsequent pleadings;

c. Conduct all pretrial, trial, and post-trial proceedings on behalf of all DPPs and function as spokesperson for all DPPs;

d. Conduct or coordinate discovery on behalf of all DPPs consistent with the Federal Rules of Civil Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

e. Monitor activities of all DPP counsel and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports in the form set forth by Interim Co-Lead Counsel;

f.  Make and collect assessments from some or all DPP counsel for the purpose of paying the costs necessary to litigate the case;

g.  Negotiate with defense counsel with respect to settlement and other matters;

h.  Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by DPPs;

i.  Consult with and retain expert witnesses for DPPs;

j.  Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

k.  Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by Defendants and third parties (and production of documents by DPPs), and implement advanced analytics for the efficient review of documents as appropriate;

l.  Coordinate and communicate as necessary with counsel for other parties in the litigations regarding any matters addressed in this Order in order to ensure efficient use of DPPs', Defendants', and the Court's time;

m. Ensure that all DPP counsel and DPPs are kept informed of the progress of this litigation as necessary; and

n. Otherwise coordinate the work of DPP counsel and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

7. No motion shall be initiated or filed on behalf of any DPP Plaintiff except through Interim Co-Lead Counsel.

8. Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all DPPs unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel for the DPP Class, and such agreements shall be binding on all other DPPs in their respective cases.

9. Interim Co-Lead Counsel are hereby designated as counsel for all Direct Purchaser Plaintiffs upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all DPPs by serving Interim Co-Lead Counsel by electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead Counsel shall be responsible for maintaining a master service list of all parties and their respective counsel.

10. The role of Interim Liaison Counsel includes the following:

a. Communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group);

b. Convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions;

c. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts;

d. Liaising with DPP attorneys who file cases consolidated with the Lead Case File;

e. Preparing, maintaining, and transmitting documents served in this action;

f. Maintaining the Court's orders and notices for all DPP counsel;

g. Attending case management meetings prepared to address any pending dispute or issues between the parties; and

h. All other duties delegated to it by Interim Co-Lead Counsel.

## C. Coordination and Privilege

11. No communications between or among any of Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which Plaintiffs would otherwise be entitled.

12.    Direct Purchaser Plaintiffs are directed to meet and confer with End User and Commercial Indirect Plaintiffs, and Defendants, regarding the potential coordination and/or consolidation of all actions relating to the alleged conspiracy to fix HVAC equipment prices.

**SO ORDERED.**

Dated this _____ day of _____, 2026.

_____
HON. SUSAN K. DECLERCQ
United States District Judge
Eastern District of Michigan

9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| HUSKY HEATING & COOLING, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC., | Case No. 26-CV-11565<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti<br><br><br>**DECLARATION OF KIMBERLY A. JUSTICE IN SUPPORT OF PLAINTIFF HUSKY HEATING AND COOLING, LLC'S MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL FOR DIRECT <u>PURCHASER CLASS</u>** |

1

Defendants.

| | |
|---|---|
| RICHARD ISOM, individually and on behalf of all others similarly situated, | Case No. 26-CV-11294 |
| | Hon. Susan K. DeClercq |
| Plaintiff, | Mag. Anthony P. Patti |
| v. | |
| ROBERT BOSCH, LLC, et al. | |
| Defendants. | |
| PRECISION PLUMBING, ELECTRIC, HEATING & COOLING INC., individually and on behalf of all others similarly situated, | Case No. 26-CV-11316 |
| | Hon. Susan K. DeClercq |
| | Mag. Anthony P. Patti |
| Plaintiff, | |
| v. | |
| ROBERT BOSCH, LLC, et al. | |
| Defendants. | |

2

|  |  |
|---|---|
| RELIABLE AC SERVICES LLC, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANE TECHNOLOGIES PLC, et al. <br><br> Defendants. | Case No. 26-CV-11434 <br><br> Hon. Susan K. DeClercq <br> Mag. Anthony P. Patti |

### DECLARATION OF KIMBERLY A. JUSTICE IN SUPPORT OF PLAINTIFF HUSKY HEATING & COOLING, LLC'S MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL <u>FOR DIRECT PURCHASER CLASS</u>

I, Kimberly A. Justice, hereby declare and state as follows:

1. I am a partner at Justice Jagher London & Millen LLC ("<u>JJLM</u>"), proposed interim co-lead counsel for the direct purchaser class ("<u>DPPs</u>") in this proposed consolidated action (the "<u>Action</u>"). I am a member in good standing of the State Bar of Pennsylvania, and I am admitted to practice in this Court. I submit this declaration in support of the motion by JJLM and Tostrud Law Group, PC to serve as interim co-lead class counsel and Fink Bressack PLLC to serve as liaison counsel for the DPPs (collectively "<u>Interim Class Counsel</u>").

3

2.      I am counsel of record in *Husky Heating & Cooling, LLC v. Robert Bosch LLC, et al.*, Case No. 2:26-cv-11565

3.      The matters described herein are based on my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

**A. JJLM Has the Experience, Credentials, and Qualifications to Serve as Interim Co-Lead Counsel for the Direct Purchaser Class**

4.      JJLM, with offices in Chicago and Philadelphia, is recognized as a leading plaintiffs' litigation boutique. The firm is regularly appointed to serve as lead, co-lead, and executive committee counsel in complex class actions nationwide and has recovered more than five billion dollars for clients and class members across the country.

5.      JJLM attorneys have driven several landmark recoveries, including three of the four largest antitrust class action settlements ever achieved in the Seventh Circuit:

- *In re Brand Name Prescription Drugs Antitrust Litigation* (N.D. Illinois; $715 million recovery);
- *In re High Fructose Corn Syrup Antitrust Litigation* (C.D. Illinois; $531 million recovery); and
- *Kleen Products v. International Paper (Containerboard)* (N.D. Illinois; $376 million recovery).

6.      JJLM has achieved antitrust class settlements that consistently rank among the country's most significant recoveries.  *See* Davis, Josh Paul and Kohles,

4

Rose, 2024 Antitrust Annual Report: Class Actions in Federal Court (Published July 2025) (available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5374409).

7.      Additional court-appointed leadership roles and substantial recoveries achieved, including in this District are:

- *In re Automotive Parts Antitrust Litigation* (E.D. Mich.; $630 million+ recovery). JJLM attorneys were co-lead counsel in this multidistrict antitrust litigation on behalf of direct purchasers against numerous Japanese, European, and American parts manufacturers for fixing, maintaining, rigging bids, and allocating the supply of more than 20 automobile parts (including wire harnesses, instrument panel clusters, heater control panels, air conditioning systems, and bearings).

  The Honorable Marianne O. Battani commended the firm and its co-lead counsel:

  > ~*I think that class counsel . . . have just done a tremendous job, and are highly, highly experienced and knowledgeable in this area.*

- *In re Linerboard Antitrust Litigation* (E.D. Pa.; $200 million+ recovery). JJLM attorneys served as co-lead counsel in this nationwide antitrust class action against the producers of linerboard. Plaintiffs alleged that the defendants conspired to reduce production of linerboard to increase the price of linerboard and the corrugated boxes and sheets made from it.

  The Honorable Jan DuBois praised co-lead counsel:

  > ~*[T]he size of the settlements in absolute terms and expressed as a percentage of total damages evidence a high level of skill by petitioners ... The Court has repeatedly stated that the lawyering in the*

5

*case at every stage was superb, and does so again.*

8.      Chambers & Partners USA recognizes JJLM as one of the nation's leading antitrust firms, describing the firm as a "highly regarded boutique firm" that is "acclaimed for its expertise in price-fixing and anticompetitive litigation."

9.      In recent years, JJLM received the American Antitrust Institute's ("AAI") Award for Outstanding Antitrust Litigation Achievement in Private Law Practice for its role as Co-Lead Counsel in *In re Peanut Farmers Antitrust Litigation*, 2:19-cv-00463 (E.D. Va.) which settled for $102.75 million and for its role in *Cameron et al. v. Apple Inc.*, 4:19-cv-03074 (N.D. Cal.), an antitrust case brought on behalf of application developers that settled for $100 million. In the *Peanut Farmers* matter, the Honorable Raymond Jackson commended the firm's "effective and efficient prosecution" through discovery, class certification, summary judgment, and trial preparation-efforts that produced "an excellent result for the Class" without the benefit of a prior government investigation.

10.     I will lead the JJLM team committed to this matter.  I am one of a select few applicants to successfully litigate (as first chair) a class action to a favorable plaintiff verdict. *See In re Longtop Fin. Tech. Ltd. Sec. Litig.*, No. 11-cv-3658 (S.D.N.Y.) (Sheindlin, J. ret.).  Additionally, I served as a federal antitrust prosecutor with the Department of Justice ("DOJ") for nearly a decade where I led teams of attorneys and law enforcement agents who investigated and prosecuted cartel

6

activity, including convicting the first United Kingdom national extradited by the Antitrust Division. *See United States v. Norris*, No. 03-cr-0632 (E.D. Pa.) (Robreno, J. ret.).

11.  I have been personally appointed to numerous leadership positions. For example, I currently serve as Co-Lead Counsel for the commercial indirect purchasers in *In re Granulated Sugar Antitrust Litigation*, 24-md-03119 (D. Minn.) and Co-Lead Counsel for consumer indirect purchasers in *In re: Fragrance End-User Plaintiff Antitrust Litigation*, 2:23-cv-16127 (D.N.J.).  I recently served as sole Lead Class Counsel in *Murphy, et al. v. Toyota Motor Corporation, et al.*, 4:21-cv-00178-ALM (E.D. Tex.), which resulted in a recall to fix the alleged defect in over 1.85 million vehicles and a significant reimbursement program for class members (recall and settlement relief valued at over $675 million).  I also co-led the successful *Peanut Farmers* matter referenced above. Courts likewise have appointed me to Plaintiff Steering/Executive Committees in the following representative matters: *In re Local TV Advertising Antitrust Litigation*, No. 18-cv-06785 (N.D. Ill. Jan. 23, 2019) (Kendall, C.J.) (active matter; $48 million in partial settlements approved to date); *In re Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-02687 (D.N.J.) (over $90 million in settlements for direct purchaser plaintiff class); and *In re Farm-Raised Salmon & Salmon Products Litigation*, No. 19-cv-21551 (S.D. Fla.) ($85 million in settlements for direct purchaser plaintiff class).

12. The JJLM attorneys committed to this matter have experience in successfully and efficiently handling similar complex litigation. A complete profile of JJLM's attorneys and summary of the numerous complex litigation matters in which they have obtained successful results is set forth in JJLM's resume attached hereto as **Exhibit A.**

**B. JJLM Has and Will Continue to Mobilize Its Resources and Expertise to Achieve the Best Possible Result on Behalf of the Direct Purchaser Class**

13. JJLM has the experience and resources to fairly, reasonably, and adequately represent the interest of the direct purchaser class members in this case. JJLM's prior success in many analogous cases demonstrates that my firm is able and willing to make the necessary financial and capital commitments to achieve a successful result on behalf of the class members in this case. This case is not being underwritten by litigation funders, and therefore, JJLM is not beholden to any outside interest.

14. JJLM and proposed Interim Class Counsel will ensure that this matter is adjudicated in an efficient manner, including by establishing a time-and-expense reporting protocol for all counsel, which will be contained in a letter substantially similar to the form attached as **Exhibit B**.

15. JJLM and proposed Interim Class Counsel are committed to maintaining professional and respectful relationships with our co-counsel, counsel for other plaintiff groups, and defense counsel.

8

16. More information about JJLM and its antitrust and class action practice can be found at www.jjlmlaw.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of May, 2026, at Conshohocken, Pennsylvania.

s/*Kimberly A. Justice*
Kimberly A. Justice

# EXHIBIT A

**FIRM RESUME**

# JUSTICE JAGHER LONDON & MILLEN

Complex Antitrust and Consumer Protection Class Action Litigation

Our mission is to **protect consumers** and **preserve competition** in an increasingly complex economy. Backed by **decades of experience** and **billions recovered by clients**, we confront corporate misconduct with the rigor, creativity, and resolve high-stakes cases demand.

 

# Firm Overview.

## Justice Jagher London & Millen LLC is a national litigation boutique focused on complex antitrust and consumer protection class actions.

### Origins.

Justice Jagher London & Millen LLC (JJLM) traces its roots to the 1990s, when several of the firm's founding attorneys developed a nationally recognized class action practice at a mid-sized Chicago law firm. Over the next decade, that practice achieved significant success representing consumers and businesses in complex antitrust, securities and consumer litigation.

### Formation.

In 2007, those attorneys established Freed Kanner London & Millen (FKLM) to continue that work as an independent firm focused on complex class action litigation. FKLM built a strong reputation in antitrust and consumer cases, securing landmark recoveries on behalf of clients and class members nationwide.

### Today.

In 2019, accomplished litigators Kimberly Justice and Jonathan Jagher joined the firm, expanding its national reach and strengthening its focus on antitrust and consumer protection litigation. Today, JJLM operates from Philadelphia and Chicago and represents consumers and businesses harmed by unlawful corporate conduct, continuing a decades-long commitment to complex class action litigation.



*For decades, Freed Kanner London & Millen stood for fearless advocacy, exceptional results, and an unwavering commitment to justice. The reputation we built was earned case by case and client by client. I could not be more confident that Justice Jagher London & Millen will continue that tradition —bringing the same determination, talent, and vision to the next chapter of the firm.*

**Michael J. Freed**

Founding Partner

 JUSTICE JAGHER LONDON & MILLEN

# Trusted by Clients. Respected by Courts.

Complex litigation demands credibility, strategic judgment, and the willingness to take difficult cases to trial. JJLM attorneys have earned that trust through decades of leadership in major antitrust and consumer protection matters nationwide.

Our work is grounded in three core principles:

## Integrity. Innovation. Impact.



### $5+ Billion

Recovered for Clients and Class Members

### 100+

Court-Appointed Leadership Roles

### Millions

Consumers and Businesses Represented Nationwide

### 50+ Years

Partner Experience in Complex Class Action Litigation

### 3 of the 4 Largest

Antitrust Class Action Settlements in Seventh Circuit History



# Integrity.

*Courts trust our judgment to lead complex litigation.*

Courts across the country have appointed JJLM attorneys to lead nationwide complex class actions, including roles as lead or co-lead counsel and executive or steering committee members. These appointments reflect sustained confidence in our judgment, professionalism, and ability to manage demanding matters involving multiple parties, jurisdictions, and competing interests.

We approach that responsibility with discipline and independence — making decisions that advance the interests of the class while maintaining credibility with courts and opposing counsel. Our team includes former trial attorneys from the U.S. Department of Justice Antitrust Division, bringing firsthand enforcement experience and a practical understanding of how multifaceted investigations are built and proven.

# Innovation.

*Sophisticated misconduct requires sophisticated investigation.*

The matters we handle rarely present themselves clearly. They are layered, evolving, and often structured to avoid detection — whether through opaque pricing practices, coordinated conduct, or misconduct embedded within digital systems and data.

We combine sophisticated legal strategy with industry, economic, and data-driven insight to identify patterns and conduct that are not immediately visible. From developing novel legal theories to working through intricate evidentiary records, we build cases that are designed to hold together under sustained challenge. This work requires persistence, precision, and a willingness to pursue theories others may overlook, particularly in areas where the law continues to evolve alongside technology and modern business practices.

# Impact.

*Results that compensate those harmed and change industries.*

Our work is measured by outcomes that deliver meaningful recovery and drive accountability across industries. We pursue matters that address systemic conduct — issues that shape industries and affect large groups of consumers and businesses.

JJLM attorneys have achieved significant results across antitrust and consumer protection matters, including cases involving price-fixing, monopolization, exclusionary conduct, deceptive practices, data privacy violations, and product defects. We prepare every case with trial in mind. That discipline carries through the litigation — shaping strategy, strengthening our position, and grounding outcomes in the strength of the case.



# Recognition & Professional Distinction.

JJLM has earned recognition from courts, peers, and legal media for its innovative and efficient approach to litigation and significant impact in the class action field.

## Professional Recognition.

### American Antitrust Institute – Private Antitrust Enforcement Hall of Fame

In 2021, FKLM founding partner and counsel to JJLM, Michael Freed, was inducted into the Private Antitrust Enforcement Hall of Fame which recognizes practitioners for three major contributions: distinguished service to the private antitrust enforcement community, commitment to the enforcement of the antitrust laws; and success in fighting for competition, consumers, and workers.



### American Antitrust Institute – Outstanding Antitrust Litigation Achievement

In 2022, JJLM and its co-counsel received the American Antitrust Institute's award for 'Outstanding Antitrust Litigation Achievement in Private Law Practice' for collective work on behalf of our clients in *Cameron et al. v. Apple Inc.*, 4:19-cv-03074 (N.D. Cal.) ($100 million settlement).

In 2021, JJLM and its co-counsel received the American Antitrust Institute's award for "Outstanding Antitrust Litigation Achievement in Private Law Practice" for collective work on behalf of our clients in *In re Peanut Farmers Antitrust Litigation*, 2:19-cv-00463 (E.D. Va.) ($102.75 million in settlements).



## Chambers and Partners USA

JJLM has been ranked consistently by Chambers amongst the nation's top antitrust firms. In the 2025 Guide, the publication noted about the firm:



*Freed Kanner London & Millen LLC [n/k/a JJLM] is a highly regarded boutique firm singled out for its strong plaintiff representation. Has extensive experience in nationwide class action cases and is acclaimed for its antitrust expertise in price-fixing and anticompetitive conduct cases.*



*The lawyers are highly skilled and knowledgeable yet possess the ability to explain in simple terms the legal concepts and risks.*



*The firm has deep experience. The attorneys are bright and hard-working.*







## Antitrust Annual Report

Ranking JJLM antitrust leadership appointments and settlements among the top in the nation.

Davis, Josh Paul and Kohles, Rose, 2024 <u>Antitrust Annual Report: Class Actions in Federal Court</u> (Published July 2025)



## Lawdragon

JJLM attorneys Jonathan Jagher and Kimberly Justice were selected to the 2026 Lawdragon 500 Global Plaintiff Lawyers Guide.

JJLM attorneys Michael Freed, Kimberly Justice, William "Billy" London, and Douglas Millen are recognized as distinguished leaders in antitrust litigation.



## Super Lawyers

JJLM attorneys Michael Freed, Jonathan Jagher, Kimberly Justice, Nicholas Lange, William "Billy" London, Douglas Millen, and Michael Moskovitz are acknowledged as prominent figures in class action and antitrust litigation.

# Judicial Commendations.

*Murphy v. Toyota Motor Corp.,* et al., No. 4:21-cv-00178, Dkt. No. 150 (Nov. 19, 2024).

The **Honorable Amos L. Mazzant** applauded the firm and its co-counsel's *"vigorous litigation efforts"* which resulted in settlement relief valued up to $77.3 million and was the *"driving force"* compelling a recall reasonably valued at over $600 million:



> *Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, and are highly regarded in consumer and complex class action law matters.*

*In re Peanut Farmers Antitrust Litigation,* 2021 WL 9494033, at *2 & 3 (E.D. Va., Aug. 10, 2021).

After reaching settlements totaling $102.75 million, the **Honorable Raymond Jackson** praised the firm's *"effective and efficient prosecution"* of the matter in discovery, class certification, fully briefed summary judgment practice and full trial preparation that led to *"an excellent result for the Class,"* without the benefit of a government investigation.

*In re Linerboard Antitrust Litigation,* 2004 WL 1221350, at 5-6 (E.D. Pa. 2004).

In approving the Plaintiffs' motion for final approval of the settlement, the **Honorable Jan DuBois** commended co-lead counsel:



> *[T]he size of the settlements in absolute terms and expressed as a percentage of total damages evidence a high level of skill by petitioners … The Court has repeatedly stated that the lawyering in the case at every stage was superb, and does so again.*



*In re Hydrogen Peroxide Antitrust Litigation,* MDL 1682 (E.D. Pa.).

After reaching settlements of over $97 million, the **Honorable Stewart Dalzell** lauded the firm and its co-lead counsel:



> *[T]he skill and efficiency of the attorneys involved is of a very high order indeed, and as we noted at the fairness hearing yesterday, we have been impressed that these attorneys have prosecuted this matter vigorously against seasoned opponents without needlessly distracting the Court.*

*In re High Fructose Corn Syrup Antitrust Litigation,* MDL 187 (C.D. Ill.), Transcript of Oct. 4, 2004 Oral Argument at 45.

After reaching settlements of $531 million for the direct-purchaser class, the **Honorable Michael M. Mihm** praised the firm and its co-lead counsel:



> *I've said many times during this litigation that you and the attorneys who represented the defendants here are as good as it gets. Very professional. At least in my presence or in my contacts with you, you've always been civil. You've always been cutting to the chase and not wasting my time or each other's time or adding to the cost of the litigation.*

*In re Automotive Parts Antitrust Litigation,* No. 12-md-02311 (E.D. Mich.).

The **Honorable Marianne O. Battani** commended the firm and its co-lead counsel:



> *I think that class counsel . . . have just done a tremendous job, and are highly, highly experienced and knowledgeable in this area.*



# Selected Results.

## Landmark Recoveries.

The following is a selection of landmark recoveries, impactful precedents and active cases that reflect Justice Jagher London & Millen's record across decades of complex class action litigation.

## Murphy v. Toyota Motor Corporation | E.D. Texas

JJLM served as lead counsel in this car-defect case. The case resulted in a significant reimbursement program and a recall of 1.85 million 2013-2018 model year Toyota RAV4 vehicles to replace an alleged defective battery retention system. Settlement relief was valued up to $77.3 million; the litigation was also the driving force compelling a recall reasonably valued at over $600 million.

For the Court's praise of counsel in this matter, see *Judicial Commendations* section.

**RECOVERY: VALUED AT** $675M+



## In re Broiler Chicken Antitrust Litigation | N.D. Illinois

JJLM attorneys represented a class of direct purchasers and were part of the team that led this antitrust class action that alleged that U.S. broiler chicken producers conspired to fix prices and limit supply, thereby inflating chicken costs. Plaintiffs accused producers of violating the Sherman Antitrust Act by illegally coordinating to reduce production (e.g., destroying breeder hens and closing plants).

**RECOVERY:** $280M+

## Kleen Products v. International Paper (Containerboard) | N.D. Illinois

JJLM attorneys served as co-lead counsel in this antitrust case on behalf of purchasers of containerboard (cardboard) and against major producers for conspiring to illegally inflate prices by, in part, coordinating capacity cuts and production shutdowns. After seven years of heavily contested litigation and two Seventh Circuit appeals, co-lead counsel settled the case for significant monetary damages. This recovery ranks as one of the four largest antitrust settlements in the Seventh Circuit.

**RECOVERY:** $376M

## In re High Fructose Corn Syrup Antitrust Litigation | C.D. Illinois

JJLM attorneys were co-lead counsel in this antitrust case against certain corn refiners for colluding to fix the price of high fructose corn syrup, the main sweetener used in soda pop and many bakery and dairy products. The case settled weeks before trial. This recovery ranks as one of the four largest antitrust settlements in the Seventh Circuit.

For the Court's praise of counsel in this matter, see *Judicial Commendations* section.

**RECOVERY: $531M**



## In re AT&T Inc. Customer Data Security Breach Litigation | N.D. Texas

As part of the Steering Committee for Plaintiffs, JJLM attorneys helped secure a settlement against AT&T for failing to safeguard customers' sensitive information during two separate incidents that exposed the data of tens of millions of people.

**RECOVERY: $177M**

## In re Generic Pharmaceuticals Pricing Antitrust Litigation | E.D. Pennsylvania

JJLM attorneys represent a class of indirect purchasers and are part of the team helping to lead the largest antitrust multidistrict litigation pending in the United States. The plaintiffs allege that leading generic pharmaceutical manufacturers fixed prices for more than 180 generic drugs. Litigation is ongoing.

**RECOVERY: $500M+**

## In re Automotive Parts Antitrust Litigation | E.D. Michigan

JJLM attorneys were co-lead counsel in this multi-district antitrust litigation against numerous Japanese, European, and American parts manufacturers for fixing, maintaining, rigging bids, and allocating the supply of more than 20 automobile parts (including wire harnesses, instrument panel clusters, heater control panels, air conditioning systems, and bearings).

For the Court's praise of counsel in this matter, see Judicial Commendations section.

**RECOVERY: VALUED AT $550M+**



## Dzananovic v. Badoo Trading Limited (Bumble) | Circuit Court, Winnebago County, Illinois

JJLM attorneys were co-lead counsel in this lawsuit that alleged that the Bumble and Badoo dating apps violated Illinois law by using facial-recognition technology to scan and collect user photographs for "photo verification" without consent. Co-lead counsel settled the case, providing class members with a sizable monetary award.

**RECOVERY: $40M**

## In re Peanut Farmers Antitrust Litigation | E.D. Virginia

JJLM attorneys served as co-lead counsel on behalf of peanut farmers. Plaintiffs brought the lawsuit against the largest peanut shellers in the country, accusing them of conspiring to underpay farmers for runner peanuts, the primary type of peanuts grown.

JJLM and its co-counsel received the **American Antitrust Institute's Award for Outstanding Antitrust Litigation Achievement**.

For the Court's praise of counsel in this matter, see *Judicial Commendations* section.

**RECOVERY: $102.75M**

## In Re: Morgan Stanley Data Security Litigation | S.D. New York

As part of the Executive Committee, JJLM attorneys successfully litigated this action related to allegations that Morgan Stanley failed to safeguard its customers' highly sensitive personally identifiable information.

**RECOVERY: $60M**



## In re Linerboard Antitrust Litigation | E.D. Pennsylvania

JJLM attorneys served as co-lead counsel in this nationwide antitrust class action against the producers of linerboard. Plaintiffs alleged that the defendants conspired to reduce production of linerboard in order to increase the price of linerboard and the corrugated boxes and sheets made from linerboard.

For the Court's praise of counsel in this matter, see *Judicial Commendations* section.

**RECOVERY: $200M+**

## Cameron v. Apple, Inc. | N.D. California

As part of the Executive Committee, JJLM attorneys brought suit against Apple for monopolizing (or attempting to monopolize) the iOS app and in-app product distribution services in violation of federal antitrust laws and California unfair competition laws. Plaintiffs secured an outstanding monetary recovery for app developers. JJLM and its co-counsel received the **American Antitrust Institute's Award for Outstanding Antitrust Litigation Achievement** for our work in this case.

**RECOVERY: $100M**

## In re Hydrogen Peroxide Antitrust Litigation | E.D. Pennsylvania

JJLM attorneys served as co-lead counsel in this antitrust price-fixing action against domestic and European hydrogen peroxide producers. Plaintiffs alleged that defendants conspired over an eleven-year period to fix, raise, and stabilize prices for hydrogen peroxide and its downstream products, and to allocate markets and customers.

For the Court's praise of counsel in this matter, see *Judicial Commendations* section.

**RECOVERY: $97M+**

## In re TikTok Consumer Privacy Litigation | N.D. Illinois

As part of the Plaintiffs' Steering Committee, JJLM attorneys helped lead this consumer case that alleged TikTok unlawfully harvested user data, including biometric data (faces, fingerprints), geolocation, and clipboard content in violation of Illinois' BIPA statute, federal computer fraud laws, and the Children's Online Privacy Protection Act. Plaintiffs obtained significant monetary damages on behalf of the class.

**RECOVERY: $92M**



## In re Brand Name Prescription Drugs Antitrust Litigation | N.D. Illinois

JJLM attorneys served as co-lead counsel in this landmark pharmaceutical antitrust case. The settlement is the largest antitrust class action recovery in the Seventh Circuit.

**RECOVERY: $715M**

# Current Leadership Appointments.

## Tuccori v. At World Properties, LLC | N.D. Illinois

JJLM attorneys serve as co-lead counsel for home purchasers claiming real estate brokerages, brokerage franchisors, and other real estate companies joined a conspiracy with the National Association of REALTORS® and its members to implement and follow anticompetitive practices in the market for real estate broker services that restrained competition and kept real estate agents' commissions artificially elevated at the expense of consumers who were forced to pay those commissions.

## In re Payment Card Interchange Fee Litigation | E.D.N.Y.

JJLM attorneys serve as co-lead counsel for over 12 million merchants seeking injunctive relief from allegedly inflated interchange fees and anti-steering restraints imposed by Visa and MasterCard.

**RECOVERY**: Motion for preliminary approval is pending for a class settlement that provides numerous reforms that will spur competition, provide merchants relief from anti-steering restraints, and lower interchange fees, which should save merchants in excess of $200 billion.



## In re Passenger Vehicle Replacement Tires Antitrust Litigation | N.D. Ohio

JJLM serves on the Direct Purchaser Plaintiff Steering Committee in this antitrust class action alleging some of the largest tire manufacturers in the world conspired to fix the prices of new replacement tires for passenger cars, vans, trucks, and buses sold in the United States. Litigation is ongoing.

## In re Archery Products Antitrust Litigation | D. Colorado

JJLM attorneys are serving as co-lead counsel on behalf of direct purchasers in this antitrust case that alleges an antitrust price-fixing conspiracy across the U.S. archery industry which artificially raised the prices of bows, arrows and equipment. Litigation is ongoing.

## In re Frozen Potato Products Antitrust Litigation | N.D. Illinois

JJLM serves as co-lead counsel for the commercial indirect purchaser class. This class action brings antitrust and consumer protection claims related to alleged anticompetitive conduct in the market for frozen potato products, including french fries, hash browns and tater tots. Litigation is ongoing.



## In re: Construction Equipment Rental Antitrust Litigation | N.D. Illinois

JJLM serves on the Plaintiffs' Steering Committee in this antitrust class action that alleges several large rental equipment companies and a data company, Rouse, have engaged in anticompetitive conduct to raise the price to rent various pieces of rental equipment and tools used for construction, manufacturing, entertainment, and other industries. Litigation is ongoing.

## In re Granulated Sugar Antitrust Litigation | D. Minnesota

JJLM serves as co-lead counsel on behalf of commercial indirect purchasers in this antitrust case that alleges major U.S. sugar producers conspired from 2019 onwards to fix and artificially inflate granulated sugar prices. Litigation is ongoing.

## Estuary Transit District and Teamsters 671 Health Service & Insurance Plan v. Hartford Healthcare Corporation, et al. | D. Connecticut

JJLM serves as co-lead counsel in this antitrust class action against Hartford HealthCare Corporation (HHC), one of Connecticut's largest healthcare systems. Plaintiffs are healthcare benefit plans and insurers who allege that HHC violated federal antitrust law by substantially foreclosing competition across general acute care inpatient hospital services and outpatient medical services in multiple markets in Connecticut. Litigation is ongoing.

## In re Apple Inc. Smartphone Antitrust Litigation | D. New Jersey

JJLM serves on the Indirect iPhone Purchasers' Executive Committee in this antitrust class action brought to address Apple's anticompetitive and exclusionary conduct and alleviate harm to competition and consumers. Litigation is ongoing.

## In re MoveIt Customer Data Security Breach Litigation | D. Massachusetts

JJLM attorneys are part of the team that is helping to lead this data breach class action against over 100 defendants. The case involves numerous class-action lawsuits that were consolidated and relate to a May 2023 cyberattack by the Russian CLOP ransomware group that exploited vulnerabilities in Progress Software's MOVEit file transfer platform. The breach affected over 2,500 organizations, including banks, universities, government agencies, and healthcare providers, impacting over 93 million individual records and exposing names, social security numbers, birthdates, medical records, financial details, and other personal information. Litigation is ongoing.



## Burbage v. U.S. Anesthesia Partners, Inc., et al. | S.D. Texas

JJLM attorneys represent a class of patients who are challenging a multi-year scheme, consisting of acquisitions, monopolization and price fixing, that raised the prices for anesthesia services in Texas. Litigation is ongoing.

## In re Fragrances Antitrust Litigation | D. New Jersey

JJLM serves as co-lead counsel on behalf of end-user plaintiffs in this antitrust case against the world's four largest fragrance ingredient manufacturers for allegedly conspiring to fix prices, allocate markets, and restrict the supply of fragrance compounds. Litigation is ongoing.

**RECOVERY:** Motion for preliminary approval is pending for an $11M class settlement with one of four defendants.

## In re Packaged Beef Antitrust Litigation | D. Minnesota

As part of the Plaintiffs' Steering Committee, JJLM attorneys represent a class of direct purchasers and are part of the team helping to lead this antitrust class action against JBS, Cargill, Tyson, and National Beef for allegedly engaging in anticompetitive behavior to artificially inflate margins. Plaintiffs allege that Defendants agreed to coordinate their offers to buy fed cattle at low prices and conspired to raise the prices of the beef they sold after processing the cattle. Litigation is ongoing.

**RECOVERY:** $52.5M+ TO DATE

## In re Local TV Advertising Antitrust Litigation | N.D. Illinois

As part of the Executive Committee, JJLM attorneys bring this litigation on behalf of advertisers and businesses that purchased spot ads directly from defendants in specific designated market areas. The case is against major U.S. television station owners for conspiring to artificially inflate the prices of local spot advertisements. Litigation is ongoing.

**RECOVERY: $48M TO DATE**



## Little v. Pacific Seafood Procurement, LLC, et al. | N.D. California

JJLM attorneys are part of the team that is helping to lead this class action under federal and state antitrust and unfair competition laws on behalf of commercial crabbers in California, Oregon, and coastal Washington. Plaintiffs allege that Defendants artificially suppressed the price paid to crabbers. Litigation is ongoing.

# Additional Representative Matters.

## In re Air Cargo Shipping Services Antitrust Litigation | E.D.N.Y.

JJLM attorneys represented a class of direct purchasers and was part of the team that brought suit against numerous global airlines, alleging that they conspired in violation of U.S. antitrust laws to fix fuel and security surcharges. The case resulted in major settlements for purchasers of airfreight services.

**RECOVERY: $1.2B**

## Kent et. al. v. Women's Health USA, Inc. | Connecticut Superior Court

JJLM served as co-lead counsel in this class action antitrust lawsuit against Women's Health USA, Inc.; In Vitro Sciences, LLC; Center for Advanced Reproductive Services, P.C.; and Reproductive Medicine Associates of Connecticut alleging that Defendants conspired to artificially raise, fix, maintain, or stabilize prices for Assisted Reproductive Technology ("ART") IVF services and to allocate geographic markets for ART services. JJLM attorneys negotiated a $2.85 million settlement (approximately 50% of total damages).

**RECOVERY: $2.85M**



## In re Pork Antitrust Litigation | D. Minnesota

JJLM attorneys represented a class of direct purchasers and were part of the team that led this antitrust class action that alleged that the nation's largest pork producers violated antitrust laws by limiting production and manipulating price indices.

**RECOVERY: $200M+**

## In re Farm-Raised Salmon Antitrust Litigation | S.D. Florida

As a member of the Executive Committee, JJLM attorneys helped bring class action lawsuits against major Norwegian salmon farming firms, alleging they conspired to fix, raise, and maintain prices of farm-raised Atlantic salmon sold in the U.S. in violation of federal antitrust laws. Plaintiffs achieved monetary settlements on behalf of a class of direct purchasers.

**RECOVERY: $85M**

## In re Proctor & Gamble Aerosol Products Marketing and Sales Practice Litigation | S.D. Ohio

JJLM attorneys served as Settlement Class Counsel in this case related to the alleged contamination of certain Proctor & Gamble aerosol products with benzene, a human carcinogen and the economic damages to the purchasers of these products.

**RECOVERY: $11M+**

## In re Chubb Drought Insurance Litigation | S.D. Ohio

JJLM attorneys served as co-lead counsel in this class action filed on behalf of farmers who purchased drought insurance that Chubb refused to honor. The settlement exceeded $110 million and was achieved in less than 9 months. This sum, together with $8 million recovered at trial against Chubb's general agent, resulted in complete recovery for the affected farmers.

**RECOVERY: $118M**

## Mediate v. Life Line Screening of America, Ltd. | District Court Travis County, Texas 261st Judicial District)

JJLM served as co-lead counsel in this class action alleging that, unbeknownst to Plaintiff and Class Members, Defendant's website contained the Facebook Tracking Pixel, which surreptitiously transmitted visitors' communications to Facebook, the exact text and phrases they typed into search box queries, and detailed information about which types of medical screening tests they selected and ordered. JJLM attorneys negotiated a $1.4 million settlement and significant injunctive relief whereby Defendant ceased the practices alleged.

**RECOVERY: $1.4M PLUS SIGNIFICANT INJUNCTIVE RELIEF**

 

## Clarke et. al. v. Lemonade Inc. et. al. | Circuit Ct. DuPage County, Illinois

As a member of the Plaintiffs' Executive Committee in this data privacy class action, JJLM attorneys negotiated a $4 million settlement valued on behalf of thousands of United States residents that made video claim submissions to Lemonade Insurance Company.

**RECOVERY: $4M**

## In re Vitamins Antitrust Litigation | D.D.C. (MDL 1285)

JJLM attorneys were part of the team that brought a massive case alleging a global conspiracy against major vitamin manufacturers to illegally fix prices and allocate markets for vitamins sold in bulk. The case involved numerous novel, and precedent-setting, legal issues involving jurisdiction and applying U.S. antitrust laws extraterritorially. Plaintiffs obtained significant monetary recoveries for vitamin purchasers.

**RECOVERY: $1.3B+**

## In re Opana ER Antitrust Litigation | N.D. Illinois

JJLM served as co-lead counsel on behalf of indirect purchasers (end-payors) of brand or generic Opana ER, an opioid painkiller, in this antitrust "pay-for-delay" case brought under the laws of 30 states. This case was litigated through trial.

**RECOVERY: $15M**

## Powe v. Dermalogica, LLC | Circuit Ct. DuPage County, Illinois

JJLM attorneys served as co-lead counsel in this data privacy case which alleged that Dermalogica collected, captured, used, and stored individuals' biometric identifiers and/or biometric information without providing sufficient disclosures required by the Illinois Biometric Information Privacy Act, and without obtaining the written release required by the statute.

**RECOVERY: $8.9M**

# Attorney Profiles.



## Michael J Freed

Founding Partner,
Of Counsel

After leaving the Department of Justice Antitrust Division, Mr. Freed has engaged in private antitrust class action litigation for 50 years. He has served as co-lead counsel in many prominent antitrust and securities fraud class action cases. Presently, Mr. Freed is serving as co-lead counsel in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (E.D.N.Y.). Prior antitrust class actions in which Mr. Freed served as co-lead counsel include *Kleen Products v. International Paper/Containerboard* Antitrust case, *In re Opana ER Antitrust Litigation*, I*n re Aftermarket Filters Antitrust Litigation, In re Brand Name Prescription Drugs Antitrust Litigation, In re High Fructose Corn Syrup Antitrust Litigation*, *In re Linerboard Antitrust Litigation*, *In re Carbon Dioxide Antitrust Litigation*, *In re Infant Formula Antitrust Litigation*, and *In re Ocean Shipping Antitrust Litigation*. More than $2 billion has been recovered for the plaintiff classes in cases in which Mr. Freed has served as co-lead counsel.

Mr. Freed has been named an Illinois Super Lawyer by Chicago Magazine, an Illinois Leading Lawyer by the Leading Lawyer's Network, and one of the top plaintiffs' antitrust lawyers in Illinois by Chambers and Partners. In March 2007, Mr. Freed was honored by the Chicago Appleseed Fund for Justice for his exceptional pro bono efforts. In November 2021, Mr. Freed was inducted into the American Antitrust Institute's Private Enforcement Hall of Fame and in July 2023, Mr. Freed was named to Business Today's Top 10 Influential Antitrust Plaintiffs Shaping US Law: Nation's Legal Titans.

Mr. Freed was formerly a trial and appellate attorney with the United States Department of Justice, Antitrust Division (Honors Program). He is a graduate of the University of Pennsylvania (B.S., 1959) and University of Chicago Law School (J.D., 1962).



# Samantha M. Gupta

Associate

Samantha Gupta is an Associate at Justice Jagher London & Millen, where her practice focuses on antitrust, consumer, and securities fraud litigation. She has extensive litigation experience across a diverse range of practice areas, shaped by a career advocating for individuals and businesses in high-stakes, high-impact cases.

In 2026, Ms. Gupta was appointed to the Plaintiffs' Steering Committee in **In re Construction Equipment Rental Antitrust Litigation**, a class action that alleges several large rental equipment companies and a data company, Rouse, have engaged in anticompetitive conduct to raise the price to rent various pieces of rental equipment and tools used for construction, manufacturing, entertainment, and other industries.

Prior to joining JJLM, Ms. Gupta practiced plaintiff-side antitrust litigation at a national firm, where she represented clients in complex financial matters, including **In re LIBOR-Based Financial Instruments Antitrust Litigation**., No. 11-md-2262-NRB (S.D.N.Y.). She also previously practiced at a New York City-based firm, representing plaintiffs in a range of civil matters, including civil rights and medical malpractice.

Ms. Gupta began her legal career as a public defender at The Legal Aid Society in Brooklyn, where she gained extensive courtroom and trial experience advocating on behalf of thousands of indigent clients. Across all areas of her practice, she brings a deep commitment to justice and a client-centered approach to litigation.

She received her B.A., with honors, from Macalester College and her J.D. from Harvard Law School. She also holds an M.Sc. from the University of Oxford. Ms. Gupta is admitted to practice law in New York, Massachusetts, and various federal courts.

 JUSTICE JAGHER LONDON & MILLEN



# Jonathan M. Jagher

Partner

Mr. Jagher is the founding partner of JJLM's Philadelphia office. With over 20 years of experience, he has a national practice representing plaintiffs in consumer and antitrust class actions. Mr. Jagher and JJLM have recovered over $1 billion for their clients.

Mr. Jagher was appointed as Co-Chair of the Settlement Committee in *In re: MoveIt Customer Data Security Breach Litigation*, MDL No. 1:23-md-03083-ADB (D. MA) one of the largest data breaches in history. He recently served as Co-Lead Counsel in *Dzananovic and Howell v. Badoo Trading Limited and Bumble Trading LLC*, 2021-L-307 (Circ. Ct. Winnebago County, Illinois) ($40 million settlement) and *Powe v. Dermalogica, LLC*, 2022-LA-000874 (Circ. Ct. DuPage County, Illinois) (settlement valued at $8.9 million). Notably, he was appointed to the Plaintiffs' Steering Committee in *In Re: TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.). In this case, Mr. Jagher was one of the primary negotiators of a $92 million settlement, one of the largest in Illinois history. Mr. Jagher served as one of the Settlement Class Counsel in *In re Proctor & Gamble Aerosol Products Marketing and Sales Practice Litigation*, 2:22-MD-3025 (S.D. OH) (settlement valued over $11 million) and was appointed to serve on the Plaintiffs' Executive Committees in *In Re: Morgan Stanley Data Security Litigation*, 1:20-CV-05914 (S.D. NY), a data breach resulting in a $60 million settlement and *Clarke et. al. v. Lemonade Inc. et. al.*, 2022-LA-000308-366 (Circ. Ct. DuPage County, Illinois) (a data privacy settlement of $4 million). Mr. Jagher also served as counsel in *Culbertson et al. v. Deloitte Consulting LLP*, 1:20-cv-03962 (S.D. NY), a data breach that settled for approximately $5 million. In addition, Mr. Jagher was tasked by co-lead counsel with supervising and directing (in part) third-party discovery in *In re Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation*, MDL No. 3014 (W.D. PA), a large complex litigation involving the recall of 10.8 million CPAP, BiPAP and ventilator machines over the breakdown of sound-insulating foam (resulting in a $479 million settlement of the economic loss claims).

 

*continued*

Mr. Jagher's recent antitrust cases include ***Kent et al. v. Women's Health USA, Inc.*** FST-CV21-6054676-S (Ct. Superior Court) where he was appointed as Co-Lead Counsel on behalf of women who were victims of alleged price fixing by IVF clinics and settled the case for $2.85 million. Mr. Jagher was named to the Executive Committee in ***Cameron et. al. v. Apple, Inc.*** 4:19-cv-03074 (N.D. Cal.) and helped recover $100 million on behalf of app developers (for this role he and his firm were named as one of the recipients of the American Antitrust Institute's Award for Outstanding Antitrust Litigation Achievement in Private Law Practice). Mr. Jagher also played active roles in ***In re Automotive Parts Antitrust Litigation,*** MDL No. 2311 (E.D. Mich.) (co-lead counsel and achieved total settlements over $550 million) ("*Auto Parts*"); ***In re OSB Antitrust Litigation***, Master File No. 06-CV-00826 (E.D. Pa.) (settlements totaled $120 million) ("*OSB*"); ***In re Broiler Chicken Antitrust Litigation***, 1:16-cv-08637 (N.D. Ill.) (settlements totaled $280+ million) ("*Broilers*"); and ***In re Pork Antitrust Litigation*** 0:18-CV-01776 (D. Minn.)(settlements to date total approximately $200 million)("*Pork*"). In ***Auto Parts, OSB, Broilers and Pork***, Mr. Jagher was tasked with taking the lead role in the depositions of top-ranking executives of numerous defendants throughout the world.

Prior to entering private practice, Mr. Jagher served as a supervising Assistant District Attorney for the Middlesex District Attorney in Cambridge, Massachusetts. As a prosecutor, he conducted numerous investigations and tried approximately forty cases before a jury. Mr. Jagher received a B.A. degree magna cum laude from Boston University in 1998 and a J.D. degree from Washington University School of Law in 2001. He is currently admitted to practice law in Pennsylvania, Massachusetts, Illinois, the United States District Courts for the Districts of Massachusetts, the Eastern District of Pennsylvania, the Northern District of Illinois, the Southern District of Illinois, and the United States Courts of Appeals for the Third and Seventh Circuits. Mr. Jagher currently serves on the Advisory Board of Loyola University School of Law's Institute for Consumer Antitrust Studies and frequently serves as a guest speaker on a multitude of class action issues on panels throughout the United States. Mr. Jagher has been named as a Pennsylvania Super Lawyer since 2018 after being named as a Super Lawyer Rising Star (2012 - 2016) and is recognized in Lawdragon's 500 Global Plaintiff Lawyers for his expertise in class action, consumer and antitrust litigation.



# Kimberly A. Justice

Partner

Kimberly A. Justice is a trial lawyer who represents consumers and businesses in complex antitrust, consumer protection, and securities class actions. With over twenty-five years of experience in complex litigation, she has been instrumental in obtaining billions of dollars in recoveries for clients and class members.

Courts across the country have appointed Ms. Justice to leadership roles in major nationwide class actions. She has experience across every stage of complex litigation—from developing case theories and managing litigation strategy to conducting discovery and trying cases.

Ms. Justice led the trial team that obtained a jury verdict for investors in *In re Longtop Financial Technologies Ltd. Securities Litigation* (S.D.N.Y.), one of the very few securities class actions ever tried to a jury verdict.

She currently serves as Co-Lead Counsel in *In re Granulated Sugar Antitrust Litigation*, MDL No. 24-3110 (D. Minn.), on behalf of a commercial indirect purchaser class, *In re Fragrance End-User Plaintiff Antitrust Litigation*, No. 2:23-cv-01627 (D.N.J.), on behalf of a nationwide consumer class, and *In re Frozen Potato Products Antitrust Litigation*, No. 1:24-cv-11801 (N.D. Ill.), on behalf of a commercial indirect purchaser class.

Earlier in her career, Ms. Justice served as Lead Counsel in *Murphy v. Toyota Motor Corporation* (E.D. Tex.) litigation which resulted in settlement relief valued up to $77.3 million and was the "driving force" compelling a recall of 1.85 million vehicles reasonably valued at over $600 million, and in *In re Peanut Farmers Antitrust Litigation (E.D. Va.),* which produced a $102.75 million recovery for the class. She also held a Co-Lead Counsel role in *In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation* (N.D. Ill.).

 

*continued*

Her additional leadership experience includes service on the Plaintiffs' Steering Committees in *In re Local TV Advertising Antitrust Litigation* (N.D. Ill.), where the court has approved $48 million in settlements to date, *In re Farm-Raised Salmon and Salmon Products Litigation* (S.D. Fla.), recovering $85 million for the direct purchaser plaintiff class, and *In re Liquid Aluminum Sulfate Antitrust Litigation,* (D.N.J.), which produced a recovery exceeding $90 million for the direct purchaser plaintiff class. She has also been appointed to steering or executive committees in several other major antitrust matters.

Before entering private practice, Ms. Justice spent nearly a decade as a federal antitrust prosecutor in the U.S. Department of Justice's Antitrust Division, where she investigated and prosecuted domestic and international cartel activity in industries including graphite electrodes, carbon products, ocean shipping, and benchmark interest rates (LIBOR). She also tried the Division's case against the first U.K. national extradited by the Antitrust Division, securing a guilty verdict in *United States v. Norris*, No. 03-cr-0632 (E.D. Pa.).

Ms. Justice earned her B.A., cum laude, from Kalamazoo College. She graduated magna cum laude from Temple University Beasley School of Law, where she served as an Articles Editor of the Temple Law Review. Ms. Justice later clerked for the Honorable William H. Yohn, Jr. of the United States District Court for the Eastern District of Pennsylvania. She frequently lectures on antitrust and securities litigation and serves on the Advisory Board of the American Antitrust Institute. She has earned recognition as a Pennsylvania Super Lawyer, been included in the Lawdragon 500 Leading Lawyers in America and Lawdragon 500 Global Plaintiff Lawyers and is ranked among the top antitrust attorneys nationwide by Chambers and Partners in its Chambers USA Guide.





# Nicholas R. Lange

Partner

Nicholas R. Lange is a partner at Justice Jagher London & Millen. Mr. Lange is a Chicago native and received his J.D. from the DePaul University College of Law in 2014. He has experience in litigating civil matters that include fraud, tort, breach of contract, and corporate matters. In 2023, Mr. Lange received the Super Lawyers Rising Star award (Class Action/Mass Torts). He was recently appointed to the Plaintiffs' Steering Committee in *In re AT&T Inc. Customer Data Security Breach Litigation*, 3:24-cv-00757 (N.D. Tex.) (ECF No. 165).

Mr. Lange was drawn to class action litigation because of the potential to compel a company to change its conduct and compensate those it has wronged. He is admitted to the State Bar of Illinois as well as the Northern and Southern Districts of Illinois.



## William H. London

Founding Partner

Mr. London has been litigating class action cases for over 35 years. He served as trial counsel for the plaintiff class in In re High Pressure Laminates Antitrust Litigation, a case that was tried before a jury in the Southern District of New York. He was actively involved in several cases in which JJLM attorneys were serving in a leadership capacity, including *In re Flat Glass Antitrust Litigation (*No. II), MDL No. 1942 (W.D. Pa.); *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819 (N.D. Cal); and *In re Hydrogen Peroxide Antitrust Litigation*, MDL 1682 (E.D. Pa.). Mr. London presently has significant involvement in *In re Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.) and *In re Optical Disk Drive Products Antitrust Litigation*, No. 3:10-md-2143 (N.D. Cal.).

Mr. London graduated Magna Cum Laude from Syracuse University in 1984 and received his law degree in 1987 from IIT Chicago-Kent College of Law. In 1987, he was admitted to the Illinois Bar and the Federal Bar; and in 1988, he was admitted to practice before the United States Court of Appeals for the Seventh Circuit. Mr. London is a member of the American Bar Association and is a past-Chairman of the Chicago Bar Association Class Litigation Committee. He was formerly an Assistant Attorney General for the State of Illinois, during which time he argued cases in the United States Court of Appeals for the Seventh Circuit and the Illinois Supreme Court. Since 1990, Mr. London has concentrated on complex and commercial litigation, with an emphasis on class action litigation involving antitrust claims. Mr. London practiced with Much Shelist Freed from March 1993 through December 31, 2006.



Case 2:26-cv-11945-SKB-APRG ECF No. 33-1, PageID.543 Filed 05/12/26 Page 79 of 134

JUSTICE JAGHER LONDON & MILLEN



# Douglas A. Millen

Founding Partner

Mr. Millen devotes his practice to prosecuting direct purchaser, price-fixing class actions and has played a key role in many of the most successful price-fixing cases in the United States. For example, Mr. Millen was most recently appointed to serve on the Plaintiffs' Steering Committee for the *In re DPP Beef Antitrust Litigation* (D. Minn.) Mr. Millen was appointed to serve on the Direct Purchaser Plaintiffs' Steering Committee in *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal) which ultimately obtained almost $140 million for the class. Mr. Millen has also played a prominent role in many of the largest antitrust cases in recent history – including: *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL 1971 (N.D. Cal.), where he served as Chair of Discovery and aided in the recovery of more than $210 million of the class; *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL 1486 (N.D. Cal.); *In re Vitamins Antitrust Litigation*, MDL 1285 (D.D.C.); and *In re Rubber Chemicals Antitrust Litigation*, MDL 1648 (N.D. Cal.) – and his efforts have assisted in the recovery of billions of dollars for class members. Accordingly, he has been recognized as one of the nation's top competition lawyers by various publications, including Global Competition Review, and as a top Plaintiffs' lawyer by Lawdragon 500 Leading Lawyers in America. Mr. Millen currently represents several Fortune 500 companies in the Rail Freight Fuel Surcharge Antitrust Litigation and provides antitrust compliance consultation services for large, multi-national companies.

Mr. Millen is a graduate of the University of Michigan (B.G.S., 1991) and University of Illinois College of Law (J.D. magna cum laude, 1994). In 1994, he was admitted to the New York and Connecticut State Bars; and in 1995 he was admitted to the Illinois State Bar. He is also admitted to practice in the Northern and Southern Districts of Illinois. Mr. Millen is a member of the American Bar Association, Antitrust Section and the Chicago Bar Association. Prior to founding JJLM, Mr. Millen was a partner at Much Shelist Freed, where he practiced with the class action group from November 1995 through December 31, 2006.



# Michael E. Moskovitz

Managing Partner,
Founding Partner

Michael E. Moskovitz is the managing partner at Justice Jagher London & Millen and has been involved in trial and appellate litigation for 30 years. Since 2000, he has concentrated on complex commercial litigation, with primary emphasis on class action litigation involving antitrust, securities fraud, and consumer fraud claims.

Mr. Moskovitz previously played a key role in the class action practice of Much Shelist Freed. He is significantly involved in several pending antitrust class actions, *In re Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.), and *In re Vehicle Carrier Services Antitrust Litigation*, MDL No. 2471.

Mr. Moskovitz is also a member of The Sedona Conference's Working Group 1 (Electronic Document Retention and Production) and has spoken at The Sedona Conference's Midyear meeting and has co-written papers published by The Sedona Conference.

Mr. Moskovitz is a graduate of Indiana University (B.A., 1993) and New York University School of Law (J.D., 1996).



# Matthew W. Ruan

Partner

Matthew W. Ruan is a partner at Justice Jagher London & Millen LLC. Mr. Ruan has extensive experience litigating complex commercial matters, with an emphasis on antitrust, securities, and consumer class actions. He has helped recover billions of dollars on behalf of a broad range of individuals, businesses, shareholders, unions, and pension funds.

Mr. Ruan received his B.A., with Honors, from the University of Chicago in 2000 and his J.D. from the University of Michigan Law School in 2003, where he was an associate editor of the Michigan Journal of International Law. He also served as a judicial extern for the Honorable Blanche M. Manning of the U.S. District Court for the Northern District of Illinois, and interned at the U.S. Department of Justice, Criminal Division, in Washington, D.C.

Currently, Mr. Ruan serves as co-lead counsel in *Estuary Transit District and Teamsters 671 Health Service & Insurance Plan v. Hartford Healthcare Corporation, et al*., Case No. 3:24-cv-01051-SFR (D. Conn.), a class action alleging Sherman Act violations by **Hartford HealthCare Corporation** and its subsidiaries, and in *Tuccori v. At World Properties, LLC*, Case No. 1:24-cv-00150-LCJ (N.D. Ill.), representing a nationwide settlement class of home purchasers in an antitrust action involving Multiple Listing Service properties.

Among the many other complex cases in which Mr. Ruan has been significantly involved are: *Sutter Health Antitrust Litigation* (Sup. Ct. Cal., San Fran. Cty.) (antitrust class action against Sutter Health, one of the largest healthcare providers in California, for restraining hospital competition through its contracting practices with insurance companies, resulting in $575 million settlement and significant injunctive relief). *In re Automotive Parts Antitrust Litigation* (E.D. Mich.) (antitrust class action brought on behalf of direct purchasers of automotive parts in multiple concurrently active nationwide price-fixing cases, resulting in settlements to date in excess of $550+ million). *In re AOL/Time Warner Securities Litigation* (S.D.N.Y.) (class action alleging securities fraud in connection with merger of AOL and Time Warner, resulting in $2.65 billion recovery for shareholders).



# Robert J. Wozniak

Partner

Robert J. Wozniak is a partner at Justice Jagher London & Millen LLC. Since 2001, Mr. Wozniak has been involved in complex commercial litigation, with a primary emphasis on antitrust, employment, and consumer fraud class action cases. He has handled all aspects of litigation, including researching and drafting complaints, motion practice, drafting and responding to written discovery, taking and defending depositions, working closely with expert witnesses, managing large scale electronic discovery, presenting oral argument, and trial. Prior to engaging in private law practice, Mr. Wozniak worked as a trial attorney for the United States Department of Justice, Antitrust Division (Honors Program). Mr. Wozniak was then employed by Cohen Milstein Hausfeld & Toll, a Washington, D.C. class action firm, before joining Much Shelist Freed in 2004.

The complex antitrust class actions in which Mr. Wozniak has had significant involvement include: *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.); *In re Pork Antitrust Litigation* (D. Minn.); *In re Opana ER Antitrust Litigation* (N.D. Ill.); *In re Local TV Advertising Antitrust Litigation* (N.D. Ill.); *Mulhern, et al. v. Pepperidge Farm* (N.D. Ill.) (consolidated and transferred to C.D. Cal for settlement approval); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (E.D.N.Y.); *Kleen Products, et al. v. International Paper, et al.* (N.D. Ill.); *In re NCAA Student-Athlete Names & Likeness Licensing Litigation* (N.D. Cal.); *In re Fresh and Process Potatoes Antitrust Litigation* (D. Idaho); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.); *In re Flat Glass Antitrust Litigation* (II) (W.D. Pa.); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.); *In re Static Random Access Memory (SRAM) Antitrust Litigation* (N.D. Cal.); *In re Hydrogen Peroxide Antitrust Litigation* (E.D. Pa.); *In re Intel Corp. Microprocessor Antitrust Litigation* (D. Del.); I*n re Dynamic Random Access Memory (DRAM) Litigation* (N.D. Cal.); *In re Buspirone Antitrust Litigation* (S.D.N.Y.); and *In re Terazosin Hydrochloride Antitrust Litigation* (S.D. Fla.).

Mr. Wozniak is a graduate of the University of Michigan (B.A., 1988), University of Minnesota (M.A., 1994), and Wayne State University Law School (J.D., 2000, cum laude, Order of the Coif). He is admitted to practice law in Illinois and Michigan as well as numerous federal district and appellate courts.





## Chicago Office

100 Tri-State International
Suite 128
Lincolnshire, IL 60069
Tel: (224) 632-4500

## Digital

www.jjlmlaw.com
info@jjlmlaw.com



## Philadelphia Office

923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6770

# EXHIBIT B



| | TOSTRUD |
| --- | --- |
| | LAW |
| | GROUP, PC |

[DATE]

TO:   All Direct Purchaser Plaintiffs' Counsel

Re:   ***HVAC Equipment Direct Purchaser Antitrust***
***Litigation, Case No. 1:26-cv-***

**Time and Expense Reporting Protocol**

To efficiently manage and direct this case, Direct Purchaser Plaintiffs' Interim Co-Lead Class Counsel ("Co-Lead Counsel") are implementing the timekeeping and expense-reporting requirements described below. Please review this protocol carefully. To be considered as part of any future fee distribution, all time and expenses submitted must adhere to the instructions and guidelines set forth in this protocol.

Prior Work: Work performed prior to the appointment of co-lead counsel will be considered on a good faith basis at the time of a fee application by Co-Lead Counsel to the extent it benefited the class. For the class to benefit from that work, it should be shared with Co-Lead Counsel now. To that end, if you submitted a FOIA request in connection with your involvement in this case, please send us all correspondence and relevant documents related to that request. If you have worked with experts as part of your investigation in this case, please send us any documents and/or memoranda related to that expert work. If you developed any research memoranda related to your work in this case, please send us those memoranda as well. Finally, if you have interviewed and/or worked with any confidential witnesses or former employees of defendants as part of your investigation in this matter, please let us know immediately, and we will follow-up with you.

We will collect time and expense reports from each firm. Counsel should maintain contemporaneous records that show the name of the attorney, the time spent on each discrete activity, and the nature of the work performed. Co-Lead Counsel strongly recommends that each firm use computer programs to record their time and expenses.

Enclosed are Excel spreadsheet time and expense report forms containing summary categories of descriptions to use for reporting your firm's time and

*All Direct Purchaser Plaintiffs' Counsel*
[DATE]
Page 2

expense data. Please submit your time and expense reports along with the detailed backup reports to HVACtime@jjlmlaw.com.

Your first time and expense report should cover the time period from inception through [DATE]. This initial report is due on [DATE]. Your subsequent reports should be done on a monthly basis and submitted by the 20th day of the month for the preceding month.

In your time report, please adhere to these guidelines:

1.   All work (including appearances at hearings and depositions) completed on behalf of the class(es) must be specifically authorized by Co-Lead Counsel. Do not submit time for work that has not been authorized by Co-Lead Counsel.

2.   Time is to be reported in tenths of an hour (6-minute increments). If you did not submit time records in tenths of an hour, you should not round up in revising your time. Always round down in your firm's time reports.

3.   Time is to be recorded by task with one entry and a specific amount of time for each task described; do not submit "block billing" with one undifferentiated total time for multiple tasks.

4.   All time is to be reported at the billing rates in effect at the time the work was performed.

5.   Co-Lead Counsel reserve the right to impose billing caps for specific projects (e.g. document review limits below). Co-Lead Counsel will announce these caps before any work subject to them is undertaken.

6.   First tier document review work will be capped at $400 per hour. Second tier document review, including review team leaders assigned by Co-Lead Counsel responsible for quality control and management of the document review, and non-first tier review focused on preparation for depositions will be capped at $600 per hour. Non first tier document review done in connection with hearing or trial preparation, analysis and creation of fact or issue modules or in support of experts may be billed at the attorneys' customary hourly rate.

*All Direct Purchaser Plaintiffs' Counsel*
[DATE]
Page 3

7. "Travel" time must be billed separately from any other task.

8. Please do not submit time for any of the following. It will not be compensated or included in any fee petition:

   a. work <u>not</u> performed at the request or under the direction of Co-Lead Counsel;

   b. duplication of efforts within a firm;

   c. time expended in preparing time and expense reports;

   d. "read and review" time unrelated to preparation for or performance of work specifically assigned by Co-Lead Counsel;

   e. routine clerical tasks (such as "file maintenance" by a paralegal or clerical staff) unrelated to preparation for or performance of work specifically assigned by Co-Lead Counsel; or

   f. time associated with work relating to any client or potential client that did not retain your firm for this case.

9. No time entry for a single day should exceed 9 hours a day, unless the attorney is preparing for and/or participating in a deposition, a hearing, trial, a discovery deadline, or some other exigency that requires work to exceed 9 hours in a day and that is specifically set forth in the billing description or is otherwise pre-approved in writing by Co-Lead Counsel.

In your expense report, please adhere to these guidelines:

1. Your expense report should itemize your out-of-pocket, case-related expenses. If you have a "Miscellaneous/Other" expense item on a report, please describe it with sufficient detail to identify the expense and its relation to the case.

2. Routine office supplies and regular secretarial time should not be included as a case expense.

*All Direct Purchaser Plaintiffs' Counsel*
[DATE]
Page 4

3.  No surcharges should be reflected in or applied to any expenses, including telephone, faxes, and copying. Internal copying charges shall not exceed $0.20 per page.

4.  General overhead expenses will not be compensated.

5.  Travel expenses should follow these guidelines:

    a.  The highest class of flights to be booked is economy plus or its equivalent; business-class domestic airfare should not be submitted and will not be reimbursed; business-class international airfare may be reimbursed at Co-Lead Counsel's discretion.

    b.  For overnight travel, counsel is to be mindful in selecting reasonable hotel accommodations and restaurants; and Per Diem expenses for travel should not exceed $150.00 per person per day exclusive of lodging and transportation.

    c.  Unusually high airfare, hotel, meal, and automobile rental expenses may be reviewed by Co-Lead Counsel and disallowed.

If you have any questions, please contact Co-Lead Counsel. We look forward to working with you.

Sincerely,

**Kimberly A. Justice**                                    **Jon Tostrud**
**JUSTICE JAGHER LONDON**                    **TOSTRUD LAW GROUP, P.C.**
**& MILLEN LLC**

*Direct Purchaser Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| HUSKY HEATING & COOLING, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC.,<br><br>Defendants. | Case No. 26-CV-11565<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti<br><br><br>**DECLARATION OF JON A. TOSTRUD IN SUPPORT OF PLAINTIFF HUSKY HEATING & COOLING, LLC'S MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL FOR** <u>**DIRECT PURCHASER CLASS**</u> |

1

| | |
|---|---|
| RICHARD ISOM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BOSCH, LLC, et al. <br><br> Defendants. | Case No. 26-CV-11294 <br><br> Hon. Susan K. DeClercq <br> Mag. Anthony P. Patti |
| PRECISION PLUMBING, ELECTRIC, HEATING & COOLING INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BOSCH, LLC, et al. <br><br> Defendants. | Case No. 26-CV-11316 <br><br> Hon. Susan K. DeClercq <br> Mag. Anthony P. Patti |
| RELIABLE AC SERVICES LLC, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANE TECHNOLOGIES PLC, et al. <br><br> Defendants. | Case No. 26-CV-11434 <br><br> Hon. Susan K. DeClercq <br> Mag. Anthony P. Patti |

2

**DECLARATION OF JON A. TOSTRUD IN SUPPORT OF DIRECT
PURCHASER PLAINTIFF'S MOTION TO APPOINT TOSTRUD LAW
GROUP, P.C. AND JUSTICE JAGHER LONDON & MILLEN LLC
AS INTERIM CO-LEAD COUNSEL,
<ins>AND FINK BRESSACK AS LIAISON COUNSEL</ins>**

I, Jon A. Tostrud, declare:

1.      I am the founding member of Tostrud Law Group, P.C. ("TLG"), a law firm headquartered in Los Angeles, California.

2.      I am an attorney duly licensed and a member in good standing of the State Bar of California and the State Bar of Minnesota.

3.      I am proposed co-lead counsel for the direct purchaser class on this consolidated action ("Direct Purchaser Plaintiffs"). The matters set forth herein are within my personal knowledge, and if called upon and sworn as a witness, I could competently testify regarding them. I submit this declaration in support of the motion by Justice Jagher London & Millen LLC ("JJLM") and Tostrud Law Group, P.C. ("TLG") to serve as co-lead class counsel and Fink Bressack to serve as liaison counsel for the Direct Purchaser Plaintiffs (collectively "Leadership Team").

4.      I have been prosecuting complex class and collective action litigation cases for approximately 27 years. I am admitted to both the California and Minnesota State Bars, as well as numerous United States District Courts. I started prosecuting class actions in 1994 and opened Tostrud Law Group with my partner Anthony Carter in 2012.  Since then, I have dedicated myself to representing plaintiffs in

3

complex class and collective actions.

5.     During that time, TLG has been appointed to leadership positions in significant antitrust cases.    This includes Steering Committee leadership appointments in the District of Minnesota; the Eastern District of Pennsylvania; and the District of New Jersey.[1]  With respect to the District of Minnesota, TLG was appointed to the Plaintiff's Steering Committee in both *In Re Pork Antitrust Litigation*, Case No. 18-cv-1776 (D. Minn.) on March 5, 2021, and in *In Re Cattle & Beef Antitrust Litigation*, Case No. 22-cv-03031 (D. Minn.) on March 1, 2022. Additionally, Mr. Tostrud and TLG currently serve on the Indirect Resellers Plaintiffs' Steering Committee in *In Re: Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 16-md-2724, MDL No. 2724 (E.D. Pa.), and on the Indirect Purchaser Plaintiffs' Steering Committee in *In Re: Fragrance Indirect Purchaser Antitrust Litigation*, No. 2:23-cv-03249 (D.N.J.).  In October 2024, TLG was appointed by Judge Blackwell to the leadership group for the Indirect Commercial Purchaser Plaintiffs in the *In Re: Granulated Sugar Antitrust Litigation,* Case No. 24-md-03110 (D. Minn.).

6.     Some of the other notable cases in which TLG has served in a leadership position include the following: *Engquist v. City of Los Angeles*, Case No. BC591331 (Superior Court for the County of Los Angeles); *Small v. University*

---

[1] The Tostrud Law Group, P.C. firm resume is attached hereto as Exhibit A.

*Medical Center of Southern Nevada*, Case No. 13-cv-298 (D. Nev.); *Grahl v. Circle K Stores, Inc.*, No. 14-cv-305 (D. Nev.); *Ardon v. City of Los Angeles*, No. BC363959 (Superior Court for the County of Los Angeles); *Granados v. County of Los Angeles*, No. BC361470 (Superior Court for the County of Los Angeles); *Rocha, et al. v. Gateway Funding*, No. 15-cv-482 (E.D. Pa.); *Ord, et al. v. First National Bank of Pennsylvania and F.N.B. Corp.*, No. 12-cv-766 (W.D. Pa.); *Wineland, et al v. Casey's General Stores, Inc.*, No. 08-cv-20 (S.D. Iowa).

7.     TLG is fully committed to this matter and prepared to devote the substantial resources, expertise, and time necessary to prosecute this class action effectively and efficiently. TLG has the financial resources and litigation capacity to pursue this action through all stages in a timely manner. In addition to its extensive experience in complex antitrust and class action litigation, TLG has direct, first-hand experience managing the significant demands associated with nationwide antitrust class actions.

8.     TLG will work collaboratively with co-counsel to advance the interests of the proposed class while ensuring the efficient allocation of responsibilities, minimizing duplication of effort, and maximizing cost efficiency. TLG also has substantial experience working effectively with counsel representing other plaintiff groups within a variety of leadership structures and is committed to maintaining the same cooperative and professional approach throughout this litigation.

I affirm under penalty of perjury on this the 11th day of May 2026 that the foregoing is true to the best of my knowledge.

/s/ *Jon A. Tostrud*
Jon A. Tostrud

# EXHIBIT A



**TOSTRUD LAW GROUP, P.C.**
**1925 CENTURY PARK EAST**
**SUITE 2100**
**LOS ANGELES, CA 90067**
**TEL: 310.278.2600**
**FAX: 310.278.2640**
**WWW.TOSTRUDLAW.COM**

**FIRM RESUME**

**TOSTRUD LAW GROUP, P.C.** was founded in 2011 with offices in Los Angeles and Minneapolis. We have a diversified legal practice, and have successfully represents plaintiffs in the areas of antitrust, securities and financial fraud, employment discrimination, unlawful employment practices including wage and hour disputes, personal injury, product defect, consumer protection, data breach, breach of contract, False Claims Act, and human rights in both state and federal courts. Our clients include individuals, classes or groups of persons, businesses, and public and private entities.

Tostrud Law Group, P.C. has extensive experience in antitrust class action litigation, including leadership roles in many of the major antitrust actions in district courts over the last 10 years. Representative leadership positions include: ***In Re: Granulated Sugar Antitrust Litigation***, No. 24-cv-03110 (D. Minn.) (Blackwell, J.) (Co-Lead Counsel); ***In Re: Fragrance Indirect Purchaser Antitrust Litigation***, No. 23-cv-3249 (D.N.J.) (Allen, J.) (appointed to Steering Committee); ***In Re: Cattle and Beef Antitrust Litigation***, No. 20-cv-01319 (D. Minn.) (Bowbeer, H.) (appointed to Steering Committee); ***In Re: Pork Antitrust Litigation***, MDL No. 2998, Case No. 18-cv-1776-JRT/HB (D. Minn.) (Bowbeer, H.) (appointed to Steering Committee); ***In Re: Generic Pharmaceuticals Pricing Antitrust Litigation***, MDL No. 2724, Case No. 16-md-2724 (E.D. Pa.) (Rufe, C.) (appointed to Steering Committee); Tostrud Law Group, P.C. has also held leadership positions in numerous other class actions, including: ***Small v. University Medical Center of Southern Nevada***, No. 12-cv-395 (D. Nev.) (Leen, P.) (Co-Lead Counsel); ***Engquist, et al. v. City of Los Angeles*** No. BC591331 (Superior Court of California, County of Los Angeles) (Co-Lead Counsel); ***Grahl v. Circle K Stores, Inc.***, No. 2:14-cv-305 (D. Nev.) (Boulware, R.) (Co-Lead

Counsel); *O'Garro v. Jersey City*, No. 2:20-cv-05282 (D.N.J.) (Co-Lead Counsel); *Nicolas Montalvo v. California Lutheran*, No. 21STCV38140 (Superior Court of California, County of Ventura)(Co-Lead Counsel); and *Bethany Lopez, et al. v. California Baptist University*, No. CVRI2000805 (Superior Court of California, County of Riverside)(Co-Lead Counsel).

## FIRM BIOGRAPHY

**JON A. TOSTRUD,** Admitted to practice in the State of California and the State of Minnesota; U.S. District Court, District of Minnesota; U.S. District Court, Eastern District of California; U.S. District Court, Southern District of California; U.S. District Court, Northern District of California; U.S. District Court, Central District of California; U.S. District Court, Northern District of Illinois; U.S. District Court, Eastern District of Wisconsin. *Education:* William Mitchell College of Law; *Memberships*: State Bar of California; State Bar of Minnesota.

**ANTHONY M. CARTER**, Admitted to practice in the Commonwealth of Virginia; U.S. District Court, Eastern District of Virginia; U.S. District Court, Western District of Virginia; U.S. District Court, Northern District of Illinois; U.S. District Court, Eastern District of Wisconsin; U.S. District Court, District of North Dakota; *Education:* James E. Rogers College of Law at the University of Arizona; *Memberships*: State Bar of Virginia.

## SETTLED CASES

- **Jack Tate d/ba/ The Tin Pig, LLC v. Lamb Weston Holdings, Inc.**, No. 24-cv-13032 (United States District Court for Northern District of Illinois). Tostrud Law Group, P.C. seeks to represent a class of Indirect Purchaser Plaintiffs who indirectly purchased frozen potatoes from major potato processors in the United States.  Plaintiffs allege Defendants conspired to manipulate the market for frozen potatoes in violation of federal antitrust laws.  Plaintiffs are

2

seeking treble damages under federal antitrust laws and equitable relief suitable to remedy Defendants' past and ongoing anticompetitive behavior. On April 16, 2026, the court issued an order granting final approval of settlement of the case in the amount of $7.1M.

- **In Re: Generic Pharmaceuticals Pricing Antitrust Litigation**, MDL No. 2724 (United States District Court for the Eastern District of Pennsylvania). On May 11, 2022, the court granted final approved a $1M"icebreaker" settlement with Defendant Breckenridge Corp. The settlement on behalf of nearly 29,000 class members secures cooperation by Defendant Breckenridge with Plaintiffs' efforts against the remaining Defendants in this MDL. On May 30, 2025, the court issued an order granting final approval of settlement with Defendant Apotex in amount of $5.5M.

- **BPA International Inc. v. Apple Inc.**, No. 24-cv-450239 (Superior Court of California, County of Santa Clara). Tostrud Law Group, P.C. served as co-counsel representing Plaintiff BPA International Inc., a global provider of multilingual remote call monitoring and business intelligence services, against Apple Inc. in a breach of contract lawsuit arising from Apple's sudden termination of a recently renewed three-year services agreement. Tostrud Law Group, P.C. successfully helped to secure an undisclosed settlement for Plaintiffs for lost profits and other damages.

- **In Re: Packaged Seafood Products Antitrust Litigation**, No. 15-cv-02670 (United States District Court for the Southern District of California). Commercial Food Preparer Plaintiffs successfully negotiated settlements totaling 6.5M to resolve claims of Defendants' alleged participation in an unlawful conspiracy to maintain and/or stabilize prices for packaged tuna products.

3

- **In Re: Fortra File Transfer Software Data Security Breach Litigation**, No. 24-cv-03090 (United States District Court for the Southern District of Florida). In December 2024, Plaintiffs were granted final approval of a settlement in the amount of $7M to resolve all class actions against Defendant Brightline, Inc. over a ransomware attack that exposed the sensitive information of more than 1 million individuals.

- **In Re: Pork Antitrust Litigation**, MDL No. 2998 (United States District Court for the District of Minnesota). Plaintiffs have successfully negotiated a $42M settlement with Smithfield Foods, Inc., a $12.75M settlement with JBS Food Company, a $4.9M settlement with Seaboard Foods, and a $2.4M settlement with Hormel Foods Corporation and Hormel Foods, LLC for alleged violations of federal and state antitrust laws.

- **In Re: Cattle and Beef Antitrust Litigation**, No. 20-cv-01319 (United States District Court for the Northern District of Minnesota) The court granted Plaintiffs' Motion for Final Approval of a $25M settlement with defendant JBS Food Company on November 21, 2023. The court granted Plaintiffs' Motion for Final Approval of a $25M settlement with defendant JBS Food Company on November 21, 2023.

- **Nicolás Montalvo v. California Lutheran University**, No. 21STCV38140 (Superior Court for the County of Los Angeles). Plaintiffs were granted final approval of a $2.7M settlement with Defendant California Lutheran University stemming from CLU's transition to remote learning and services during the Spring 2020 Semester as a result of the COVID-19 pandemic.

- **In Re: Regents of the University of Minnesota Data Litigation**, No. 27-cv-23-14056 (County of Hennepin, 4th Judicial District). Tostrud Law Group, P.C. served as co-counsel for Plaintiffs in a data breach class action against defendant University of Minnesota for its failure to properly secure its data systems against cyber hackers, thereby exposing Plaintiffs'

4

identifiable information, including dates of birth, Social Security numbers, and email addresses. Plaintiffs' counsel successfully secured a $5M settlement on behalf of a class of individuals whose personal information was maintained via defendant's Legacy Data Warehouse.

- **In Re: TikTok, Inc. Consumer Privacy Litigation**, No. 20-cv-4699 (United States District Court for the Northern District of Illinois). Tostrud Law Group, P.C. represented a nationwide class of individual users of the social media platform, TikTok, created and administered by Defendants. Plaintiffs alleged TikTok improperly scanned and collected users' biometric identifiers in violation of the state of Illinois' Biometric Information Privacy Act ("BIPA"). On August 22, 2022, the Hon. John Z. Lee granted final approval to a $87 million dollar settlement of the action.

- **James Cottle, et al. v. Plaid Inc.,** No. 20-cv-03056 (United States District Court for the Northern District of California). Tostrud Law Group, P.C. represented a nationwide class of consumers who alleged that Defendant Plaid Inc. used consumers' banking login credentials to harvest and sell detailed financial data to third parties without consent. On July 20, 2022, the Hon. Donna M. Ryu granted final approval to a $58 million dollar settlement of the action.

- **Engquist, et al. v. City of Los Angeles** No. BC591331 (Superior Court of California, County of Los Angeles). Tostrud Law Group, P.C., served as co-counsel for a class of taxpayers who reside in the City of Los Angeles who paid taxes for gas services that were improperly collected by the City. Tostrud Law Group, P.C. sought refunds of taxes collected for gas services on behalf of consumers who paid the City Gas User Tax ("GUT") improperly collected by the City of Los Angeles. After several years of litigation, Plaintiffs negotiated a settlement in the

5

amount of $32.5 million for credit refunds of taxes improperly collected, as well as cessation of the tax.

- **Juan Jordan, et al. v. Meridian Bank, et al.**, No. 17-cv-5251 (United States District Court for the Eastern District of Pennsylvania). Tostrud Law Group, P.C. served as co-counsel in this class action on behalf of inside sales loan officers who were employed by Defendant Meridian Bank. Plaintiffs alleged Defendants violated the Fair Labor Standards Act and state labor laws by misclassifying them as exempt from receiving overtime pay and by failing to compensate them at the federally-mandated minimum wage. On March 19, 2019, the court granted conditional certification in part for those loan officers who were denied overtime wages for all time worked in excess of 40 hours per workweek. On April 3, 2019, the court approved the parties' form of notice to be distributed to the putative class. On September 30, 2019, the court issued an order granting preliminary approval of settlement of the case.

- **Grahl v. Circle K Stores, Inc.**, No. 2:14-cv-305 (United States District Court for the District of Nevada). Tostrud Law Group, P.C., served as co-counsel for a nationwide class of Store Managers employed by defendant Circle K Stores. Plaintiffs alleged Circle K Stores knowingly misclassified its Store Managers as exempt employees and failed to properly pay them the required minimum and overtime wages. On August 26, 2015, the court granted Plaintiff's motion for conditional certification and agreed the case should proceed as a national class action. On December 21, 2018, the court preliminarily approved the parties' settlement of claims. On April 8, 2019, the parties received final approval of the $8.25 million settlement for more than 1,200 current and former store mangers who joined the case seeking to recover unpaid wages.

6

- **Granados v. County of Los Angeles,** No. BC361470 (Superior Court for the County of Los Angeles). Tostrud Law Group, P.C. served as co-counsel in this class action for the improper collection of telephone user taxes ("TUT") on behalf of all individuals and businesses in the unincorporated areas of the County of Los Angeles who paid for residential landline, business landline, and/or mobile telephone services. The Hon. Maren E. Nelson granted final approval of a $16.9 million settlement for refunds of the telephone taxes on October 29, 2018.

- **McWilliams v. City of Long Beach,** No. BC361469 (Superior Court for the County of Los Angeles). Tostrud Law Group, P.C. served as co-counsel in this class action for the imposition and collection of a Utility Users Tax ("UUT") on behalf of all individuals and businesses within the City of Long Beach who paid for residential landline, business landline, and/or mobile telephone services. In 2013, Plaintiffs won a landmark appeal in the California Supreme Court, allowing the case to proceed. The Hon. Maren E. Nelson granted final approval of a $16.6 million settlement for refunds of the telephone taxes on October 30, 2018.

- **Eaton v. Hamilton Group Funding, et al.,** No. 18-cv-21463 (United States District Court for the Southern District of Florida). Tostrud Law Group, P.C. served as co-counsel in this class action on behalf of inside sales loan officers who were employed by Defendant Hamilton Group Funding. Plaintiffs alleged Defendant violated the Fair Labor Standards Act by misclassifying them as exempt from receiving overtime pay and by failing to compensate them at the federally-mandated minimum wage. In March 2019, the parties entered into a settlement agreement for an undisclosed amount.

- **Luis Bautista, et al. v. Carl Karcher Enterprises, LLC**, No. BC649777 (Superior Court of California, County of Los Angeles). Tostrud Law Group, P.C. served as co-counsel in a class action lawsuit for employees who worked for Carl's Jr. restaurants. Plaintiffs alleged that

7

Carl's Jr.'s parent company, CKE, colluded with its franchisees to suppress the wages of the restaurant-based managers through a "no hire" agreement that expressly forbids franchises from employing or seeking to employ any of the restaurant-based managers who work for other franchisees or for CKE directly. Tostrud Law Group, P.C. recovered damages on behalf of the individual named plaintiffs, and successfully negotiated to permanently enjoin Defendants from enforcing the "no hire" term in its franchise agreement with franchisees.

- **<u>Small v. University Medical Center of Southern Nevada</u>**, No. 12-cv-395 (United States District Court for the State of Nevada). Tostrud Law Group, P.C. serves as co-counsel representing employees who allege defendant University Medical Center ("UMC") failed to pay them properly for missed meal breaks under the Fair Labor Standards Act. After the court granted Plaintiffs' motion for conditional certification on June 14, 2013, approximately 600 current and former UMC employees agreed to join the case. After a granting Plaintiffs' motion to compel in July 2013, the court appointed a Special Master to oversee the discovery process. The Special Master ultimately made numerous factual findings in support of Rule 23 class certification and concluded in a 78-page Report and Recommendation that defendant UMC had failed to identify, preserve, search for, collect and process relevant evidence. Magistrate Judge Leen overruled Defendants' objection on August 9, 2018 in a 123-page ruling. On May 29, 2019, the United States District Judge Andrew Gordon granted approval to a $4.25 million dollar settlement of the action.

- **<u>Lane v. First National Bank of Layton</u>**, No. 01-15-0005-5682 (American Arbitration Association). Tostrud Law Group, P.C. helped secure a settlement for a group of former inside sales loan officers who worked for Respondent First National Bank of Layton ("Layton") for alleged violations of the Fair Labor Standards Act and Maryland state labor laws. Claimants

8

received compensatory damages due to Layton's misclassification of its inside loan officers as exempt employees and failure to properly pay these employees the required minimum and overtime wages.

- **Rocha, et al. v. Gateway Funding,** No. 15-cv-00482 (United States District Court for the Eastern District of Pennsylvania). Tostrud Law Group, P.C. helped secure a seven figure settlement of behalf of a class of inside sales loan officers who worked for defendant Gateway Funding. Plaintiffs received compensatory damages due to Gateway Funding's misclassification of its inside loan officers as exempt employees and failure to properly pay these employees the required minimum and overtime wages.

- **Ardon v. City of Los Angeles,** No. BC363959 (Superior Court for the County of Los Angeles). Tostrud Law Group, P.C., helped secure a $92.5 million dollar settlement on behalf of millions of Los Angeles city residents and businesses who paid taxes for telephone services that were improperly collected by the city. In October 2016, the City of Los Angeles agreed to provide refunds of taxes collected for telephone services on behalf of consumers who paid telephone utility user taxes to the City of Los Angeles for residential landline, business landline, and mobile telephone services.

- **Struett v. Susquehanna**, No. 5:15-cv-176 (United States District Court for the Eastern District of Pennsylvania). Tostrud Law Group, P.C. helped secure a settlement on behalf of a Section 216(b) collective class and Rule 23 class of residential mortgage bankers for misclassification violations and failure to properly pay overtime wages.

- **Pomphrett, et al. v. American Home Bank, et al.,** No. 1:12-cv-10330 (United States District Court for the District of Massachusetts). Tostrud Law Group, P.C. helped achieve a seven

figure settlement of behalf of a Section 216(b) collective class and Rule 23 class of several hundred former loan officers for the failure to pay overtime wages.

- **Wyler –Wittenberg, et al. v. Metlife Home Loans, Inc,** No. 2:12-cv-00366 (United States District Court for the Eastern District of New York). Tostrud Law Group, P.C. helped achieve a seven-figure settlement of behalf of a Section 216(b) collective class and Rule 23 class of current and former loan officers for the failure to pay overtime wages.

- **Ord, et al. v. First National Bank of Pennsylvania and F.N.B. Corp.**, No. 12-cv-00766 (United States District Court for the Western District of Pennsylvania). Tostrud Law Group, P.C. helped achieve a seven-figure settlement of behalf of a Rule 23 class of several hundred account holders at First National Bank of Pennsylvania who were improperly charged overdraft fees on their checking accounts.

- **Molyneux, et al. v. Securitas Security Services, Inc.**, No. 4:10-cv-588 (United States District Court for the Southern District of Iowa). Tostrud Law Group, P.C. helped achieve a six figure settlement of behalf of a Section 216(b) collective class and Rule 23 class of hundreds of hourly paid security officers for failure to pay for off-the-clock work.

- **Hansen, et al v. Per Mar Security Services, et al,** No. 4:09-cv-00459 (United States District Court for the Southern District of Iowa). Tostrud Law Group, P.C. helped achieve a confidential settlement of behalf of a Section 216(b) collective class and Rule 23 class of hundreds of hourly paid security officers for back wages.

## CASE PROFILES

### Current Cases

- **In Re: Nitrogen, Phosphorus, and Potassium (NPK) Fertilizer Antitrust Litigation**., MDL No. 3187 (Judicial Panel on Multidistrict Litigation). Tostrud Law Group, P.C. seeks to represent a class of Plaintiffs who purchased NPK fertilizers from supplier defendants, including Nutrien AG Solutions, The Mosaic Co., Yara International, and others. Plaintiffs allege defendants agreed to share competitively sensitive, non-public data to coordinate pricing and artificially inflate costs for farmers in violation of federal antitrust laws. Plaintiffs seek an injunction and equitable relief suitable to remedy Defendants' past and ongoing anticompetitive behavior.

- **In Re: Apple Inc. Smartphone Antitrust Litigation**, No. 24-md-03113 (United States District Court for the District of New Jersey). Tostrud Law Group, P.C. seeks to represent a class of indirect consumers who purchased Apple products from defendant Apple Inc. Plaintiffs allege defendant monopolized the smartphone market by locking consumers into its ecosystem, resulting in reduced competition and higher prices in violation of federal antitrust laws. Plaintiffs seek an injunction and equitable relief suitable to remedy Defendants' past and ongoing anticompetitive behavior.

- **In Re: Johnson Controls, Inc. Data Incident Litigation,** No. 25-cv-0955 (United States District Court for the Eastern District of Wisconsin). Tostrud Law Group, P.C. seeks to represent a class of Plaintiffs in a data breach class action against defendant Johnson Controls for its failure to implement adequate cybersecurity protocols and properly protect and

11

safeguard Plaintiffs' identifiable information, including names, dates of birth, home addresses, email address, phone numbers, Social Security numbers, and financial information. On November 3, 2025, Tostrud Law Group, P.C. was appointed to Plaintiffs' Executive Committee. Plaintiffs are seeking declaratory and injunctive relief.

- **Matt Simcik v. Archery Trade Association, et al.**, No. 25-cv-2875 (United States District Court for the District of Minnesota). Tostrud Law Group, P.C. seeks to represent a class of consumers who purchased archery products from defendant manufacturers, distributors, and retailers, including Bass Pro Shops and Dick's Sporting Goods. Plaintiffs allege defendants conspired to fix the prices of and eliminate price discounting and competition for archery products in violation of federal antitrust laws. Plaintiffs seek an injunction and equitable relief suitable to remedy Defendants' past and ongoing anticompetitive behavior.

- **Simeon Taylor v. Allianz Life Insurance Company of North America.**, No. 25-cv-03020 (United States District Court for the District of Minnesota). Tostrud Law Group, P.C. seeks to represent a class of Plaintiffs in a data breach class action against defendant Allianz Life Insurance Company of North America for its failure to implement adequate cybersecurity protocols and properly protect and safeguard the identifiable information of its customers, financial professionals, and certain Allianz Life employees. Plaintiffs are seeking declaratory and injunctive relief as well as compensatory damages.

- **In Re Aflac Inc. Data Breach Litigation.**, No. 25-cv-00183 (United States District Court for the Middle District of Georgia). Tostrud Law Group, P.C. seeks to represent a class of Plaintiffs in a data breach class action against defendant Aflac, Inc. for its failure to implement adequate cybersecurity protocols and properly protect and safeguard Plaintiffs' identifiable information. Plaintiffs are seeking declaratory and injunctive relief.

12

- **In Re: Construction Equipment Rental Antitrust Litigation.**, No. 25-cv-03487 (United States District Court for the Northern District of Illinois). Tostrud Law Group, P.C. seeks to represent a class of Plaintiffs who rented construction equipment from supplier defendants, including The Home Depot, Inc.  Plaintiffs allege defendants agreed to share competitively sensitive, non-public data to coordinate pricing in order to maximize rental rates in violation of federal antitrust laws. Plaintiffs seek an injunction and equitable relief suitable to remedy Defendants' past and ongoing anticompetitive behavior.

- **Flores Torres v. Community Health Center, Inc.,** No. 25-cv-00490 (United States District Court for the District of Connecticut).  Tostrud Law Group, P.C. seeks to represent a class of individuals in a data breach class action against defendant healthcare provider Community Health Center. Unauthorized activity was identified on Community Health's computer systems on January 2, 2025, and after extensive investigation, it has been determined that over 1 million patients were affected and their information exposed by the data breach, including names, addresses, phone numbers, diagnosis, test results, and social security numbers. Plaintiffs are seeking injunctive relief, as well as compensatory and statutory damages.

- **In Re: PVC Pipe Antitrust Litigation**, No. 24-cv-07639 (United States District Court for the Northern District of Illinois). Tostrud Law Group, P.C. seeks to represent a class of Indirect Purchaser Plaintiffs who indirectly purchased PVC municipal water pipes or PVC electrical conduit against major manufactures of PVC piping. Plaintiffs allege Defendants violated U.S. antitrust law by sharing competitively sensitive data to unlawfully coordinate pricing. Plaintiffs are seeking treble damages under federal antitrust laws and an injunction to bar Defendants' alleged conspiratorial behavior.

- **In Re: Passenger Vehicle Replacement Tires Antitrust Litigation**, No. 24-cv-03107 (United States District Court for the Northern District of Ohio). Tostrud Law Group, P.C. seeks to represent Indirect Purchaser Plaintiffs against major tire manufacturers accused of violating the Sherman Act by establishing an unlawful agreement to artificially increase and fix prices of new replacement tires for passenger cars, vans, trucks, and buses sold in the United States. Plaintiffs are seeking treble damages and an injunction to bar Defendants' alleged conspiratorial behavior.

- **In Re: Concrete and Cement Additives Antitrust Litigation**, No. 24-cv-03097 (United States District Court for the Southern District of New York). Tostrud Law Group, P.C. represents Indirect Purchaser Plaintiffs against major manufacturers of construction chemicals alleging Defendants conspired to fix the prices of key ingredients added to cement, concrete, and mortar. Plaintiffs are seeking treble damages under federal antitrust laws and an injunction to bar Defendants' alleged conspiratorial behavior.

- **In Re: Granulated Sugar Antitrust Litigation.,** No. 24-cv-03110 (United States District Court for the District of Minnesota). Tostrud Law Group, P.C. was appointed Co-Lead Counsel on behalf of commercial indirect purchasers of granulated sugar from the some of the largest manufacturers of granulated sugar in the United States. Tostrud Law Group, P.C. represents commercial users of granulated sugar, including restaurants, bakeries, and confectionaries, in an antitrust class action against defendant sugar manufacturers for artificially inflating the price of granulated sugar, forcing buyers to pay more for the product in a market valued at more than $13 billion.

- **Cabezas v. Mr. Cooper Group, Inc.,** No. 23-cv-02453 (United States District Court for the Northern District of Texas). Tostrud Law Group, P.C. represents Plaintiffs in a data breach

class action against defendant Mr. Cooper Group, Inc. for its failure to properly protect and safeguard Plaintiffs' identifiable information. Plaintiffs are seeking declaratory and injunctive relief.

- **In Re: 23andMe, Inc., Customer Data Security Breach Litigation,** No. 24-cv-03098 (United States District Court for the Northern District of California). Tostrud Law Group, P.C. represents Plaintiffs in a data breach class action against defendant 23andMe for its failure to properly secure and safeguard Plaintiffs' identifiable information, including names, cities and states of residence, dates of birth, ancestry, and DNA profiles. Plaintiffs are seeking declaratory and injunctive relief requiring Defendant to strengthen its data security systems.

- **Owens v. MGM Resorts International**, No. 23-cv-01480 (United States District Court for the District of Nevada). Tostrud Law Group, P.C. represents Plaintiffs in a data breach class action against defendant MGM Resorts International for its failure to properly secure and safeguard Plaintiffs' identifiable information, including full names, dates of birth, Social Security numbers, and driver's license numbers. Plaintiffs are seeking monetary damages and injunctive relief requiring Defendant to implement comprehensive security measures designed to ensure the protection of Plaintiffs' sensitive information against future cyberattacks. On January 23, 2025, the court issued an order granting preliminary approval of settlement of the case.

- **In Re: Harley-Davidson Aftermarket Parts Marketing, Sales Practices and Antitrust Litigation**, No. 23-MDL-3064 (United States District Court for the Eastern District of Wisconsin). Tostrud Law Group, P.C. represents Plaintiffs in an antitrust class action against defendant Harley-Davidson alleging defendant engaged in unlawful monopolization of the repair service market for the marketing and sale of its consumer products using unfair tying

15

arrangements. Plaintiffs allege these tying arrangements condition a consumer product's warranty on the use of a specific repair service in violation of state and federal law. Plaintiffs are seeking declaratory and injunctive relief.

- **In Re: Fragrance Indirect Purchaser Antitrust Litigation**, No. 23-cv-3249 (United States District Court of New Jersey). Tostrud Law Group, P.C. was appointed to the Plaintiffs' Steering Committee on behalf of indirect purchasers of fragrance ingredients from the some of the largest manufacturers of fragrance ingredients and compounds. Plaintiffs allege Defendants illegally conspired to fix prices for fragrance ingredients. Through this unlawful coordination, Defendants charged their customers supracompetitive prices, which in turn passed through to the Indirect Purchaser Plaintiffs. Plaintiffs are seeking damages sustained by them as a result of Defendants' unlawful behavior.

- **In Re: Cattle and Beef Antitrust Litigation**, No. 20-cv-01319 (United States District Court for the Northern District of Minnesota). Tostrud Law Group, P.C. was appointed to the Plaintiffs' Steering Committee on behalf of indirect purchasers of beef products from several major beef suppliers. Plaintiffs allege Defendants violated federal and state antitrust laws by conspiring to illegally fix, raise and maintain the price of beef. The court granted Plaintiffs' Motion for Final Approval of a $25M settlement with defendant JBS Food Company on November 21, 2023. On May 6, 2026, the court issued an order granting preliminary approval of settlement with Defendant Tyson in the amount of $47M.

- **In Re: Pork Antitrust Litigation**, MDL No. 2998 (United States District Court for the District of Minnesota). Tostrud Law Group, P.C. was appointed to the Plaintiffs' Steering Committee by the Honorable Hildy Bowbeer on behalf Commercial and Institutional Indirect Purchaser Plaintiffs in this antitrust litigation involving allegations of price-fixing by major

16

pork manufacturer defendants. Plaintiffs negotiated a $42M settlement with defendant Smithfield Foods, Inc., a $12.75M settlement with defendant JBS Food Company, and most recently, a $4.9M settlement with Seaboard Foods, and a $2.4M with Hormel Foods Corporation and Hormel Foods, LLC. On April 24, 2026, the court issued an order granting preliminary approval of settlement with Defendant Tyson in the amount of $48M.

- **In Re: Turkey Antitrust Litigation**, No. 19-cv-08318 (United States District Court for the Northern District of Illinois). Tostrud Law Group, P.C. serves as co-counsel on behalf of indirect purchasers of turkey products from several turkey suppliers. Plaintiffs allege defendants violated federal and state antitrust laws by conspiring to illegally fix, raise, and maintain the price of turkey in order to secure massive profits. Plaintiffs are seeking damages sustained by them as a result of Defendants' unlawful behavior. On August 14, 2025, the court issued an order granting preliminary approval of settlement with Defendant Cargill in the amount of $4M.

- **Nicolás Montalvo v. California Lutheran University**, No. 21STCV38140 (Superior Court for the County of Los Angeles). Tostrud Law Group, P.C. serves as co-counsel seeking to represent a class of students who paid tuition and fees to attend Defendant California Lutheran University for the time period affected by COVID-19 and had their course work moved to online learning. Plaintiffs seek reimbursement of those fees and tuition paid to Defendant for the time Plaintiffs did not receive the benefits of the on-campus, in-person educational experience. On July 1, 2024, the court issued an order granting preliminary approval of settlement of the case.

- **Lopez, et al. v. California Baptist University**, No. CVRI2000805 (Superior Court of California, County of Riverside). Tostrud Law Group, P.C. serves as co-counsel seeking to

17

represent a class of students attending California Baptist University who were deprived of the benefit of on-campus learning due to the cancellation of classes due to COVID-19. Plaintiffs allege Defendant failed to issue tuition refunds despite Plaintiffs' inability to receive on-campus instructions and access campus facilities. Plaintiffs seek injunctive relief and a return of monies wrongfully obtained for tuition and fees.

- **O'Garro v. City of Jersey City**, No. 20-cv-5282 (United States District Court for the District of New Jersey). Tostrud Law Group, P.C. serves as co-counsel on behalf of persons with mobility disabilities against Defendants Mayor Steven Fulop and the City of Jersey City. Plaintiffs are seeking declaratory and injunctive relief for Defendants' failure to provide accessible pedestrian rights of way within the City of Jersey City in violation of Title II of the Americans with Disabilities Act.

- **In Re: Generic Pharmaceuticals Pricing Antitrust Litigation**, MDL No. 2724 (United States District Court for the Eastern District of Pennsylvania). Tostrud Law Group, P.C. was appointed to serve on the Plaintiffs Steering Committee as counsel in a class action lawsuit seeking to represent thousands of independent pharmacies against several defendant generic drug manufacturers. Plaintiffs allege these drug manufacturers violated federal and state antitrust laws. Plaintiffs seek damages sustained by them as a result of Defendants' unlawful behavior and an award of statutory damages to all class members. Plaintiffs negotiated a $1M settlement with defendant Breckenridge Pharmaceutical, Inc., and most recently, a $5.5M settlement with Apotex Corp.

In addition, while with the firm of Cuneo Gilbert &. LaDuca, LLP, Mr. Tostrud headed the wage and hour practice and was appointed lead or co-lead counsel and achieved seven-figure and eight-figure settlements in several class and collective actions including:

- **Nerland v. Caribou Coffee. Inc. et al.**, Civil No. 05-1847 (United States District Court for the District of Minnesota). As co-lead class counsel, Cuneo Gilbert & LaDuca, LLP achieved a $2.7 million settlement on behalf of retail store managers improperly classified as exempt from overtime. The class action suit first filed in 2005, charged Caribou with wrongfully denying overtime pay due to current and former Caribou store managers. The lawsuit contended that Caribou misclassified its Store Manager position as exempt under the Minnesota and Federal Fair Labor Standards Acts to avoid paying overtime compensation. After nearly three years of litigation, the parties entered into a Settlement whereby, the Court granted final approval and Caribou Coffee Co. compensated participating class members.

- **Oliva, et al. v. International Coffee and Tea. LLC d/b/a The Coffee Bean and Tea Leaf, et al.**, Case No. BC296435 (Superior Court of the State of California, County of Los Angeles). As co-lead class counsel, Cuneo Gilbert & LaDuca, LLP achieved a seven-figure settlement on behalf of retail store managers improperly classified as exempt from overtime, as well as hourly-paid baristas who were not compensated for their meal and rest breaks.

- **Lagunas v. Cargill Meat Solutions Corp.**, Case No. 10-cv-00220 (United State District Court for the Southern District of Iowa) (Final approval - 1/27/11 Cuneo Gilbert & LaDuca, LLP served as co-lead counsel in six-figure class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

- **<u>Wineland, et al. v. Casey's General Stores, Inc.</u>**, No. 08 CV 00020 (United States District Court for the Southern District of Iowa) (Final approval 10/22/09). Cuneo Gilbert & LaDuca, LLP along with co-counsel was appointed lead counsel and achieved a seven figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of over 60,000 cooks and cashiers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

- **<u>Cedeno, et al. v. Home Mortgage Desk. Corp. et al.</u>**, No. 08 CV 1168 (United States District Court for the Eastern District of New York) (Final approval - 6/15/10). Cuneo Gilbert & LaDuca, LLP along with co-counsel was appointed lead counsel and achieved a six figure settlement on behalf of a Section 216(b) collective class of loan officers deprived of overtime wages.

- **<u>Jones, et al. v. Casey's General Stores. Inc</u>**., No. 07 CV 400 (United States District Court for the Southern District of Iowa) (Final approval - 10/22/09). Cuneo Gilbert & LaDuca, LLP along with co-counsel was appointed lead counsel and achieved a seven figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of more than 6,000 assistant store managers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

In addition to the above representative cases, Tostrud Law Group, P.C. is currently prosecuting several other class and/or collective actions, including data breach and privacy cases, product liability and securities fraud class actions, and several antitrust cases against large companies.

20

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HUSKY HEATING & COOLING, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH LLC, ROBERT BOSCH GMBH, JC RESIDENTIAL AND LIGHT COMMERCIAL LLC, JOHNSON CONTROLS HITACHI AIR CONDITIONING NORTH AMERICA LLC, TRANE TECHNOLOGIES PLC, TRANE U.S. INC., MITSUBISHI ELECTRIC TRANE HVAC US, CARRIER GLOBAL CORP., VIESSMANN MANUFACTURING CO. (U.S.), INC., DAIKIN INDUSTRIES, LTD., DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, DAIKIN APPLIED AMERICAS, THERMALNETICS, LLC, LENNOX INTERNATIONAL, INC., LENNOX INDUSTRIES INC., ALLIED AIR ENTERPRISES LLC, RHEEM MANUFACTURING CO., HEAT TRANSFER PRODUCTS GROUP, LLC, AAON, INC., a Nevada Corporation, AAON, INC., an Oklahoma Corporation, AAON COIL PRODUCTS, INC., and BASX, INC., | Case No. 26-CV-11565<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti<br><br>**DECLARATION OF NATHAN J. FINK IN SUPPORT OF PLAINTIFF HUSKY HEATING AND COOLING, LLC'S MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL FOR <u>DIRECT PURCHASER CLASS</u>** |

1

|  | |
|---|---|
| Defendants. | |
| RICHARD ISOM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH, LLC, et al.<br><br>Defendants. | Case No. 26-CV-11294<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |
| PRECISION PLUMBING, ELECTRIC, HEATING & COOLING INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOSCH, LLC, et al.<br><br>Defendants. | Case No. 26-CV-11316<br><br>Hon. Susan K. DeClercq<br>Mag. Anthony P. Patti |

2

| RELIABLE AC SERVICES LLC, Individually and on Behalf of All Others Similarly Situated, | Case No. 26-CV-11434 |
|---|---|
| | Hon. Susan K. DeClercq |
| Plaintiff, | Mag. Anthony P. Patti |
| | |
| v. | |
| | |
| TRANE TECHNOLOGIES PLC, et al. | |
| | |
| Defendants. | |

## DECLARATION OF NATHAN J. FINK IN SUPPORT OF PLAINTIFF HUSKY HEATING & COOLING, LLC'S MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL FOR DIRECT PURCHASER CLASS

I, Nathan J. Fink, hereby declare and state as follows:

1. I am a partner at Fink Bressack, PLLC ("Fink Bressack"), proposed interim liaison counsel for the direct purchaser class direct purchaser class ("DPPs") in this proposed consolidated action (the "Action"). I am a member in good standing of the State Bar of Michigan, and I am admitted to practice in this Court. I submit this declaration in support of the motion by Justice Jagher London & Millen LLC and Tostrud Law Group, PC to serve as interim co-lead class counsel and Fink Bressack PLLC to serve as liaison counsel for the DPPs (collectively "Interim Class Counsel").

3

2. I am counsel of record in *Husky Heating & Cooling, LLC v. Robert Bosch LLC, et al.*, Case No. 2:26-cv-11565.

3. The matters described herein are based on my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

4. Fink Bressack has significant class action experience, particularly in the United States District Court for the Eastern District of Michigan and other Michigan courts. Attached hereto as **Exhibit A** are the resumes of Fink Bressack partners including Nathan J. Fink, David H. Fink, and Philip D. Miller. Our firm has served in leadership positions (either as lead counsel, liaison counsel, or local counsel) for numerous class actions, including, among others, the following:

- *In re Onstar Contract Litigation*, Case No. 2:07-MDL-01867, Eastern District of Michigan;

- *In re Refrigerant Compressors Antitrust Litigation*, Case No. 2:09-md-02042, Eastern District of Michigan;

- *Enbridge Oil Spill Class Action*, Case No. 1:10-cv-01096, Western District of Michigan;

- *The Shane Group, Inc., et al v. Blue Cross Blue Shield of Michigan*, Case No. 2:10-CV-14360, Eastern District of Michigan;

- *In re: Automotive Parts Antitrust Litigation, Direct Purchaser Class*, Case No. 12-MDL-02311, Eastern District of Michigan (appointed liaison counsel);

- *Independent Bank Fee Class Action*, Case No. 13-009983-CZ, Wayne County Circuit Court;

- *Flagstar Bank, FSB, Overcharge Fee Class Action*, Case No. 15-145287-CZ, Oakland County Circuit Court;

4

- *Diplomat Pharmacy Derivative Litigation*, Case No. 17-109223-CB, Genesee County Circuit Court;

- *Wayside Church, et al v. Van Buren County*, et al, Case No. 1:14-cv-01274-PLM, Western District of Michigan;

- *Hundley, et al v. Henry Ford Health System, et al*, Case No. 2:21-cv-11023, Eastern District of Michigan;

- *Parker, et al v. GKN North America Services, Inc.*, et al, Case No. 2:21-cv-12468, Eastern District of Michigan;

- *Clark, et al v. Avfuel Corporation*, Case No. 2:24-cv-12274, Eastern District of Michigan (appointed interim liaison counsel);

- *In re Flagstar December 2021 Data Security Incident Litigation*, Case No. 2:22-cv-11385, Eastern District of Michigan (appointed interim liaison counsel);

- *Lynch, et al v. Multnomah County, et* al (Tax Foreclosure Surplus Class Action Litigation), Case No. 23-cv-1434, District of Oregon (co-lead counsel); and

- *In re: Keffer Development Services, LLC, Data Security Breach Litigation*, Case No. 2:25-md-3159-MAG, Eastern District of Michigan (appointed interim liaison counsel).

5. Fink Bressack is particularly experienced in the role of interim liaison counsel in direct purchaser antitrust class action matters in this District. For example, since 2011, we have served as interim liaison counsel for the direct purchaser plaintiffs in the *In re: Automotive Parts Antitrust Litigation*, Case No. 12-MD-02311, Eastern District of Michigan. In serving as court-appointed interim liaison counsel in multi-district litigation, Fink Bressack efficiently and effectively assisted multiple out of state law firms (including JJLM) and the Court in bringing

5

dozens of complex matters to a conclusion. In that matter, Fink Bressack has had the privilege of working with the chambers of the late Judge Marianne O. Battani before she retired from the bench and, with the chambers of Chief Judge Sean F. Cox before he retired, and currently with the chambers of Judge F. Kay Behm.

6.      Fink Bressack practices primarily in Southeast Michigan, and we believe we have earned the respect of the Eastern District of Michigan bench. In addition to multiple appointments to serve as interim lead counsel and as interim liaison counsel in class litigation, the judges of the Eastern District appointed David Fink to serve as Chair of their Magistrate Judge Merit Selection Panel in May, 2013.

7.      Because Fink Bressack is located in Michigan, and because its attorneys have extensive knowledge of the local rules and of the intricacies of class action litigation, and have many years of experience litigating complex litigation and class actions, in particular, in the Eastern District of Michigan, Fink Bressack is well suited to serve as interim liaison counsel for Direct Purchaser Plaintiffs.

8.      More information about Fink Bressack and its antitrust and class action practice can be found at www.finkbressack.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of May, 2026, at Bloomfield Hills, Michigan.

/s/Nathan J. Fink
Nathan J. Fink

6

# EXHIBIT A

Case 2:26-cv-11936-SKTC-APP ECF No. 39-1, PageID.258 Filed 05/12/26 Page 122 of 134



www.finkbressack.com

**David H. Fink**

38500 Woodward Ave.; Suite 350, Bloomfield Hills, Michigan 48304
(248) 971-2500    dfink@finkbressack.com

| Professional Summary |
| --- |

David Fink, a native Detroiter, is an experienced civil litigator, whose practice has focused on complex litigation as Mr. Fink has handled a wide range of civil lawsuits, both individual and class actions, in courts throughout the Greater Detroit area and the State of Michigan, winning important victories not only at the State and Federal trial court level, but also in the Michigan Court of Appeals, the Michigan Supreme Court and the Sixth Circuit Court of Appeals.

Mr. Fink began his legal career as an Assistant Corporation Counsel at the Law Department of the City of Detroit.  In later years, in the private practice of law he again represented the City of Detroit and other municipalities, including the County of Wayne, the City of Hamtramck, the City of Wyandotte and the City of Madison Heights.  His municipal representation has included trial court litigation, appellate matters, environmental enforcement, landfill siting issues, intergovernmental disputes, development agreements, contract litigation, whistleblower claims, Freedom of Information Act issues and major eminent domain projects.

In 2002, Mr. Fink left the practice of law for a brief, but unsuccessful, sojourn into elective politics, as the Democratic Candidate for United States Congress in Michigan's 9th Congressional District. Immediately after that campaign, Governor Jennifer Granholm asked him to join her Administration, where he served as Director of the Office of the State Employer from 2003 until 2005. When he left Governor Granholm's Cabinet, Mr. Fink returned to the private practice of Law, as a Senior Partner in the Miller Law Firm.

After returning to private practice, Mr. Fink remained actively involved in public and community matters.  In 2006, he was appointed by the Governor to mediate a complex dispute between the Detroit Medical Center and the Wayne State University Medical School. Mr. Fink also served on the Michigan State Officers Compensation Commission for the 2013-2014 term. Mr. Fink served on the Judicial Advisory Committee, selected by Senator Carl Levin and Senator Debbie Stabenow, to assist in evaluating candidates for appointment to the Federal District Court for the Eastern District of Michigan. He has also been appointed by the Presidents of the State Bar of Michigan to multiple terms on the State Bar Judicial Qualifications Committee, a committee with the responsibility of interviewing and rating candidates under consideration for gubernatorial judicial appointments. In May 2013, the judges of the Federal District Court for the Eastern District of Michigan appointed Mr. Fink to serve as Chair of their Magistrate Judge Merit Selection Panel, which reviewed candidates for a Magistrate Judge vacancy in the Northern Division.

In January 2011, Mr. Fink and his late partner, Darryl Bressack, formed Fink Bressack.

## Experience

**Fink Bressack –** Managing Partner                                      Jan. 2011 to Present

Fink Bressack focuses on civil litigation. Mr. Fink's practice areas include: complex individual and class action litigation; governmental disputes; election law; employment disputes; securities fraud (including securities fraud class actions); consumer fraud (including consumer fraud class actions); antitrust (including antitrust class action litigation); Fair Labor Standards Act (FLSA) (including FLSA collective actions); environmental matters; insurance coverage; construction contract disputes; eminent domain (condemnation); property tax assessment challenges; probate disputes; partnership dissolution, and; shareholder oppression claims. The firm also litigates derivative claims on behalf of disaffected shareholders.

**The Miller Law Firm, PC –** Senior Partner                              2005 to Dec 2010

Mr. Fink's primary areas of practice included commercial litigation along with individual and class actions. While at The Miller Law Firm, Mr. Fink handled consumer fraud class actions, securities fraud class actions, antitrust class actions and shareholder derivative litigation, along with a wide range of civil litigation, intergovernmental disputes, arbitration and probate court matters.

**Office of the State Employer –** Director                               Feb 2003 to Nov 2005

As Director of the Office of the State Employer, Mr. Fink served as a member of Governor Jennifer Granholm's Cabinet. Mr. Fink served as the Governor's Chief Negotiator for all labor matters and was assigned by the Governor to special projects, including negotiation of the 21st Century Jobs Fund.

**Campaign for U.S. Congress –** Democratic Candidate                     2002

Democratic candidate for Michigan's 9th District.

**Fink, Zausmer & Kaufman, P.C. –** Managing Shareholder                  1978 to 2002

Mr. Fink and former State Senator Dan Cooper started a two-attorney firm in 1978, in association with Henry Baskin and Robert Feldstein. Eventually, that firm developed a significant litigation practice, handling a broad spectrum of cases, including environmental matters, representation of public corporations (the City of Detroit, the County of Wayne, the City of Hamtramck and others), takings through eminent domain (condemnation), insurance coverage disputes (on behalf of policyholders), auto negligence defense, construction contract disputes and many other types of commercial litigation. Upon his departure from the firm to run for Congress, the firm was separated into two firms--Zausmer, Kaufman, August, Caldwell & Tayler, P.C. and Williams Acosta PLLC.

**City of Detroit Law Department –** Assistant Corporation Counsel        1977 to 1978

Mr. Fink's primary areas of practice included municipal law, labor law, building code enforcement, negligence defense and other types of litigation. Assignments ranged from jury trials in the Traffic and Ordinance Division of the Common Pleas Court to an appellate argument in the United States Sixth Circuit Court of Appeals.

## Education

**Harvard Law School –** J.D., *Cum Laude*        1974 to 1977

*Activities:    Harvard Legal Aid, Williston Contract Competition Award, Co-founder John Stuart Mill Society, Co-founder Men's Bake Sale for Women's Rights.*

**Harvard University –** B.A., Economics, *Magna Cum Laude*        1970 to 1974

Senior Honors Thesis--The Equity Implications of the Minimum Tax on Tax Preference Income. Activities:   Kennedy Institute of Politics – member Student Advisory Committee.

**Oak Park High School**        1967 to 1970

## Previous Professional, Philanthropic and Civic Appointments

Special mediator of dispute between Wayne State University and Detroit Medical Center – appointed by Governor Granholm; Michigan State Officers Compensation Commission – appointed by Governor Granholm; Judicial Advisory Committee – appointed by Senators Levin and Stabenow; Bloomfield Hills Recreation Commission--appointed by Bloomfield Hills Board of Education; Bloomfield Hills School District Blue Ribbon Committee on School Finance; Energy and Environmental Policy Committee of the Greater Detroit Chamber of Commerce; Detroit/Wayne County Roundtable on Sustainable Development--Board of Directors--appointed by Wayne County Executive and Mayor of City of Detroit; Southeast Michigan Council of Governments Environmental Task Force; Michigan State Legislative Ad Hoc Committee on Revitalizing Michigan's Cities--appointed by legislative leaders; Michigan State Bar Environmental Law Section Council; Michigan Association for Justice—Board of Directors; Jewish Family Services of Metropolitan Detroit—Board of Directors; Bloomfield Hills Schools Foundation President.

## Designations

"Super Lawyer" each year since 2007 — Michigan Super Lawyers Magazine

Leader in the Law 2011 — Michigan Lawyers Weekly

Inaugural Class of the Michigan Attorney Hall of Fame 2019 – Michigan Lawyers Weekly

# NATHAN J. FINK

38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
nfink@finkbressack.com
finkbressack.com/our-lawyers/nathan-j-fink/

---

## EXPERIENCE

**Fink Bressack,** Bloomfield Hills, MI                                  May 2015 to present
*Partner*
Primary or secondary attorney responsible for numerous complex civil litigation matters, including: jury and bench trials; briefing and arguing of dispositive motions; mediation and arbitration of disputes; taking and defending depositions, and; supervision of document review and e-discovery. Practice areas in federal and state court include class actions, municipal law, governmental and intergovernmental disputes, election law, contract disputes, employment litigation, environmental litigation, partnership dissolution, shareholder oppression, securities fraud, consumer fraud, antitrust, environmental litigation, insurance coverage, construction litigation, and eminent domain.

**Zausmer, August, and Caldwell,** Farmington Hills, MI          October 2011 to May 2015
*Associate Attorney*
Primary areas of focus included insurance defense, insurance coverage, and other civil litigation. Took and defended numerous discovery and trial depositions. Regularly argued dispositive and non-dispositive motions in trial courts throughout Michigan. Prepared mediation summaries, facilitation summaries, and other litigation documents.

**Zausmer, August, and Caldwell,** Farmington Hills, MI          May 2010 to October 2011
*Summer Associate and Law Clerk*
Composed research memos on an FDIC receivership proceeding, large construction project litigation, and insurance defense issues. Drafted answers, witness lists, client letters, motions, case evaluation summaries, facilitation summaries, and other litigation documents. Reviewed and analyzed medical records and deposition transcripts.

## EDUCATION

**Wayne State University Law School,** Detroit, MI
      J.D., May 2011
      Associate Editor, *Wayne State Law Review*

**The University of Michigan,** Ann Arbor, MI
      B.A. with distinction, Political Science and Anthropology, April 2008
      Vice President, Michigan Student Assembly

## DESIGNATIONS

"Super Lawyer Rising Star" 2013-2021

"Super Lawyer" 2024-2026: Antitrust Litigation; Class Actions

Up and Coming Lawyer 2017 – Michigan Lawyers Weekly

Oakland County Executive Dave Coulter's 2025 "40 Under 40"

Crain's Detroit Business – 2025 Notable Litigator and Trial Attorney

Past President, Michigan Lawyers' Chapter of the American Constitution Society

# PHILIP DAVID WHITE MILLER

*pmiller@finkbressack.com* | 248-971-2500

## EXPERIENCE

**Fink Bressack PLLC**, Partner, Bloomfield Hills, MI, 2021–Present

- Litigator representing municipal entities, technology companies, financial services firms, investment advisers, venture capital funds, and individuals in securities class actions, shareholder derivative litigation, LLC and partnership disputes, and complex commercial matters.

- Skills include trial advocacy, oral argument, brief writing, law and motion practice, appellate practice, taking and defending depositions, conducting internal investigations and witness interviews, mediation and arbitration, settlement negotiation, interfacing with regulators and government enforcement attorneys, managing teams including junior attorneys, paralegals and staff, and actively listening to understand clients' needs and provide sound counsel.

**Coblentz Patch Duffy & Bass LLP,** Attorney, San Francisco, CA, 2018–2021

- Civil litigator and member of the firm's white collar defense and government enforcement practice group, representing corporate officers and directors in SEC enforcement actions and DOJ investigations, including matters in financial services, biotech and microprocessor industries.

- Trial experience in California state and federal courts, including victory in bench trial as first chair trial attorney for wine industry client; obtaining favorable verdict in six week jury trial for technology company client; and successful appeal before the Ninth Circuit Court of Appeals resulting in published opinion in Class Action Fairness Act context.

**Alston & Bird, LLP**, Attorney, Palo Alto, CA, 2014–2018

- Represented clients in matters involving corporate governance, officers' and directors' fiduciary duties, securities litigation and enforcement, mergers and acquisitions litigation, shareholder disputes, derivative actions, and internal investigations involving financial products and services.

- Matters included successfully obtaining dismissal of a shareholder class action against digital payments company; counseling merchant acquirer and global processor in investigation involving payments platform; defending a technology company in the largest ever stockholder appraisal action tried in the Delaware Court of Chancery; and counseling an online foreign currency exchange company through civil and criminal proceedings involving financial services contracts.

**Gibson, Dunn & Crutcher, LLP**, Attorney, Palo Alto, CA, summer 2010; 2011–2014

- Advised board of directors regarding fiduciary duties in considering proposed settlement of multidistrict litigation concerning issues of loss causation, class certification, and the accounting treatment of business economic loss.

- Conducted internal investigation of auto parts supplier regarding international antitrust enforcement actions and related civil litigation.

- Composed briefs in motion practice for complex shareholder derivative litigation and purported securities class action involving retail industry client.

- *Pro bono* representations of domestic violence victims and students in school disciplinary matters.

**U.S. Securities and Exchange Commission**, Summer Honors Legal Intern, Washington, DC, 2009

- In the Office of the General Counsel, performed legal research and writing for matters including appeal of enforcement proceeding concerning 1934 Securities Exchange Act, challenged provision of 1940 Investment Company Act, and appeal concerning Freedom of Information Act request.

**Owens-Illinois, Inc.**, Toledo, OH, Accounting Analyst, 2004–2006

- Organized data for payroll projects during implementation of new accounting software for S&P 500 manufacturing company. Streamlined process for updating employee records, balanced corporate payroll accounts and drafted payroll and unemployment insurance tax forms.

**University of Virginia Bioethics Center**, Charlottesville, VA, Research Assistant, 2002–2004

- Conducted research for director of bioethics program using philosophical and medical databases. Facilitated discussion, provided tutoring sessions and graded written work for courses "Justice and Health Care" and "Reproductive Ethics," both with forty students.

**EDUCATION**

**Stanford Law School**, J.D.
June 2011

- Gunther Prize for outstanding performance in Regulation of Financial Institutions

- Editor, Stanford Journal of Animal Law and Policy

**Yale University**, M.A.R. (Master of Arts in Religion), *summa cum laude*
May 2008

- Marquand Scholar, awarded to six students at Yale Divinity School

  for exceptional academic achievement and demonstrated leadership ability

**University of Virginia,** M.A. in Philosophy
May 2003

- Andrew W. Mellon Foundation Fellow

**Denison University**, B.A. in Philosophy, *summa cum laude*
May 2001

- Phi Beta Kappa

- Presidential Medal, conferred on six graduates for academic achievement and community service

### PROFESSIONAL AFFILIATIONS, PUBLICATIONS AND AWARDS

- Member of the Michigan and California Bars, admitted to practice before the United States District Courts for the Eastern District of Michigan, Northern and Central Districts of California and the United States Court of Appeals for the Ninth Circuit
- Author of articles "Loss Causation and Damages" in Securities Litigation: A Practitioner's Guide, 7th ed., Practising Law Institute, and "Stockholder Appraisal Actions in the Delaware Court of Chancery" in Securities Litigation: Forms and Analysis, Thomson Reuters
- Stanford Canterbury Foundation, Board member 2019-2021
- Silicon Valley Campaign for Legal Services, Amicus Committee member 2012–2017
- Alston & Bird and Gibson, Dunn & Crutcher *pro bono* service awards 2013–2016

### INTERESTS
Vegetarian cooking, reading with my son, and cheering for baseball's Kansas City Royals

# David A. Bergh

38500 Woodward Ave., Suite 350, Bloomfield Hills, MI 48304
dbergh@finkbressack.com

## EDUCATION

**UNIVERSITY OF MICHIGAN LAW SCHOOL**                                        Ann Arbor, MI
*Juris Doctor*                                                                   May 2019
Completed first-year curriculum at Wayne State University Law School
Activities:        Executive Online Publications Editor, *Michigan Journal of Race & Law*
                   Detroit Litigation Advocacy Workshop Participant, Winter 2018

**WAYNE STATE UNIVERSITY**                                                    Detroit, MI
*Master of Arts*, American Legal History                                          May 2017

**WAYNE STATE UNIVERSITY**                                                    Detroit, MI
*Bachelor of Arts,* American History                                             May 2012

## SELECT LEGAL EXPERIENCE

**FINK BRESSACK**                                                          Bloomfield Hills, MI
*Associate Attorney*                                                      March 2021-Present
- Draft complaints, answers, motions and briefs, including briefs on appeal in the Michigan Court of Appeals, Michigan Supreme Court, and Federal Court of Appeals for the Sixth Circuit; draft briefs in opposition to petitions for writs of certiorari in the United States Supreme Court.
- Significant class action experience, including involvement in district court and on appeal in *Wayside Church v. Van Buren County et al* case, involving class claims arising out retention of surplus proceeds generated by the sale of tax foreclosed properties by the counties within the Western District of Michigan.
- Second-chair trial involving successful defense of opposing party's claim to have gained title to part of client's residential property through acquiescence, resulting in adverse parties' payment of $1 million to client to settle counterclaims. Second-chair trial involving successful defense of medical doctor client against administrative complaint asserted by the Michigan Department of Licensing and Regulatory Affairs.
- Argue motions in trial court, including successfully obtaining summary disposition of claims asserted against municipal client.
- Take and defend depositions, including taking the depositions of high-ranking administrators of the University of Michigan in class case asserting claims arising out of campus closure in response to COVID.
- Draft discovery requests and draft responses to discovery requests.
- Communicate directly with clients regarding all aspects of litigation.
- Conduct legal research and draft memoranda on a wide range of legal subjects.

**HEWSON & VAN HELLEMONT, P.C.**                                              Oak Park, MI
*Associate Attorney*                                                 October 2019-February 2021
- Draft pleadings, motions, and conduct discovery for insurance defense litigation.
- Argue motions before the Macomb County and Wayne County Circuit Courts.
- Advocate for clients at case evaluation hearings and settlement conferences.
- Communicate directly with clients regarding all aspects of litigation.
- Conduct depositions and examinations under oath.

## ADDITIONAL

**Bar License:** Licensed to practice in Michigan.
**Interests:** Spending time with my daughters, listening to my record collection, supporting Tottenham Hotspur.

# Calder Burgam

38500 Woodward Ave., Ste. 350 Bloomfield Hills, Michigan 48304

248-971-2500 • cburgam@finkbressack.com

## EDUCATION

**Wayne State University Law School**, *Detroit, MI*                                  Class Rank: 1st
*Juris Doctor, May 2023*                                                               GPA: 3.96
- Law Review, *Executive Note & Comment Editor, 2022 Richard B. Gushée Superior Note Award*
- Moot Court, *Director of Outside Competitions*
  - *2022 Shapero Cup Winner (Bankruptcy Law)*
  - *2023 ABA Brooklyn Regional Finalist, Fourth Place Oralist, Second Place Brief*
  - *2023 ABA National Octofinalist, Fourth Place Brief*
- Voting Rights and Election Law Society, *President*
- National Lawyers Guild, *Co-President*
- Levin Center for Oversight and Democracy, *Youth in Government Program Volunteer*

**Kalamazoo College**, *Kalamazoo, MI*
*Bachelor of Arts in Political Science and Economics, May 2012*                        GPA: 3.71
- William G. Howard Memorial Prize recipient for excellence in the Department of Political Science
- A.M. Fink Memorial Prize for excellence in the Department of Economics
- Thesis: *Changing Poverty Measures, Changing Demographics: A State Level Comparison of the Official and Supplemental Poverty Measures*

**London School of Economics and Political Science**, *London, England*
*General Course, Department of Government, 2010-2011*

## LEGAL EXPERIENCE

**Fink Bressack**, *Bloomfield Hills, MI*                                              *Sep. 2023-Present*
*Associate Attorney*
- Draft motions and briefs in state and federal courts
- Conduct legal research on a wide range of topics, including contract law, corporate governance, election law shareholder oppression, and state and federal constitutional matters
- Communicate with clients regarding litigation
- Review and analyze discovery production

**Legal Advocacy for People with Cancer Clinic**, *Detroit, MI*                        *Aug. 2022-Dec. 2022*
*Student Attorney, Wayne Law Clinics*                                                  *May 2023-Jul. 2023*
- Interviewed clients, conducted legal research, and prepared life planning documents
- Consistently communicated with clients, clinic supervisors, and third parties orally and through written products to achieve client-centered results

**Executive Office of the Governor**, *Lansing, MI*                                    *May 2022-Aug. 2022*
*Law Clerk, Office of Legal Counsel*
- Analyzed legislation for legal deficiencies, summarized, and reported findings in fast moving environment
- Evaluated pardon and clemency applications and made recommendations to staff

**United States Senate**, *Washington, D.C.*                                           *May 2021-Dec. 2021*
*Law Clerk, Senate Homeland Security and Governmental Affairs Cmte,*
- Reviewed documents, prepared background information and questions for committee interviews, and participated in questioning witnesses and subject experts
- Conducted legal research and wrote memoranda used by the committee to respond to executive agencies
- Edited and fact checked *Examining the U.S. Capitol Attack: A Review of the Security, Planning, and Response Failures on January 6*

# Glenn R. Gayer
ggayer@finkbressack.com

---

**PROFESSIONAL EXPERIENCE**
**General Practitioner Attorney at Law Offices of Harold Gayer**          **Oak Park, MI**
1998 – 2016
Primarily practicing in the areas of Personal Bankruptcy, Consumer Law, Family Law, Real Estate Law, Contract Law and Criminal Law.

Key responsibilities and accomplishments included:
- Effectively representing a wide range of clients in both the courtroom and office settings.
- Navigating complex local and regional court systems.
- Successfully utilizing the law to further my clients' interests.
- Comforting people with serious life difficulties.

**Contract Attorney for Fink Bressack**          **Bloomfield Hills, MI**
November 2015 – Dec  2019
Document Review for Plaintiffs in the Automotive Parts Antitrust Litigation Action in the U.S. District Court for the Eastern District of Michigan (Bearings). Document Review for Plaintiffs in Broiler Chicken Antitrust Litigation in the U.S. District Court for the Northern District of Illinois.

Key responsibilities and accomplishments have included:
- Managing time and deadlines for timely review of both Plaintiff and Defendant documents.
- Drafting and submission of weekly memos to supervisory attorneys for direct use of reviewed materials in depositions and court proceedings.
- Proficiency in the use of Relativity software for review of documents.

**Associate Attorney for Fink Bressack**          **Bloomfield Hills, MI**
January 2020 – Present
Staff attorney with multiple responsibilities relating to complex civil litigation and class action matters.

Key responsibilities and accomplishments have included:
- Managing time and deadlines for pleadings to both state and federal courts.
- Drafting and submission of pleadings in court proceedings.
- Client and potential client interactions.

**EDUCATION:**
- **Juris Doctorate, Wayne State University Law School (1996), Detroit, MI.**
- **B.A. in Political Science, The University of Michigan (1990), Ann Arbor, MI.**